ADAMSON, APPELLANT, *v.* THE MAY COMPANY ET AL., APPELLEES.

(No. 44191—Decided June 3, 1982.)

Mr. *Dennis A. Rotman,* for appellant.
Mr. *Jan Saurman,* for appellees.

MARKUS, J. Plaintiff seeks reversal of a summary judgment dismissing his action against a department store and its security officer for malicious prosecution and false imprisonment.[1] Defendants argue that summary judgment was justified because the security officer's probable cause to believe plaintiff committed a theft offense had been demonstrated by two prior determinations of probable cause. The municipal court judge had so found when he ordered plaintiff's bind over for grand jury consideration, and the grand jury so found when it indicted plaintiff for that theft. We conclude that each of those prior determinations created a legal presumption that probable cause existed for plaintiff's prosecution. However, we also conclude that evidentiary materials contained in plaintiff's affidavit and his deposition sufficiently rebutted those presumptions to create genuine issues of material fact. Therefore, summary judgment was not appropriate, and we are obliged to reverse and remand for further proceedings.

The total evidence presented to support or oppose the summary judgment motion consisted of plaintiff's deposition, plaintiff's affidavit, and plaintiff's indictment by the grand jury. Collectively those evidentiary materials showed certain undisputed facts.

Plaintiff was employed by the defendant department store. A store security officer detained him and a co-employee as they sat in plaintiff's automobile in the store parking lot. After the security officer questioned them at the car and in the store, store personnel contacted local police officers who arrested both employees for grand theft. The municipal court later heard testimony of the security officer[2] and found probable cause to believe plaintiff had committed the crime

---

[1] Plaintiff-appellant's sole assignment of error reads:

"The trial court erred in granting summary judgment as a genuine issue of material fact does exist."

[2] It is not clear whether the arresting police officers testified at this hearing. The

charged, so that court bound him over for grand jury proceedings. Thereafter, the grand jury indicted him for grand theft. For unstated reasons, the prosecutor requested that the charge be nolled at plaintiff's initial pretrial hearing, and the case was dismissed. Subsequently, plaintiff filed the present action.

I

In order to recover in an action for malicious prosecution, a plaintiff must establish:

"* * * (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant. * * *" *Rogers* v. *Barbera* (1960), 170 Ohio St. 241 [10 O.O.2d 248], paragraph one of the syllabus.

Defendants seemingly acknowledge there is sufficient evidence that the prosecution terminated in plaintiff's favor, so as to prevent summary judgment on that ground. Cf. *Douglas* v. *Allen* (1897), 56 Ohio St. 156; *Gaiser* v. *Hurleman* (1906), 74 Ohio St. 271; *Kunz* v. *Miller* (App. 1958), 80 Ohio Law Abs. 198. The parties apparently agree that malice in commencing or continuing the prosecution can be implied if defendants lacked probable cause to believe plaintiff had committed any offense. Cf. *Melanowski* v. *Judy* (1921), 102 Ohio St. 153. However, defendants assert the claim that they acted without probable cause to believe plaintiff committed an offense has been disproved as a matter of law.

Proof that defendants lacked probable cause to believe plaintiff had committed an offense is also essential to plaintiff's false imprisonment claim. False imprisonment occurs when the defendant acts:

"* * * '* * * to confine one intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.' 1 Harper and James, The Law of Torts, 226, Section 3.7 (1956)." *Feliciano* v. *Kreiger* (1977), 50 Ohio St. 2d 69 at 71 [4 O.O.3d 158].

Plaintiff's detention by the security officer would have been lawful if the security officer had probable cause to believe plaintiff had stolen store merchandise. R.C. 2935.041.[3] In that event, it could not constitute false imprisonment.

In order to render summary judgment, a trial court must find that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. In making these determinations, the court must construe all evidence most strongly in favor of the party against whom judgment is sought. Civ. R. 56(C).[4]

---

record does disclose that plaintiff was represented by counsel at that hearing and chose not to testify. He later claimed that the security officer's testimony was inaccurate in at least two significant respects.

[3] R.C. 2935.041 provides in part:

"(A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.

"* * *

"(C)   * * * a merchant or his employee or agent pursuant to division (A) of this section may detain another person for any of the following purposes:

"(1)  To recover the property that is the subject of the unlawful taking, criminal mischief, or theft;

"(2)  To cause an arrest to be made by a peace officer;

"(3)  To obtain a warrant of arrest."

[4] Civ. R. 56(C) provides in part:

"* * *  Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the

Thus, summary judgment is not appropriate here unless reasonable minds would necessarily conclude from the evidentiary materials submitted that defendants acted with probable cause to believe plaintiff assisted in the theft. On the other hand, summary judgment would be proper if defendants' evidentiary materials required that finding, unless plaintiff submitted contrary evidentiary material sufficient to rebut it by showing reasonable minds could conclude defendants lacked such probable cause.[5]

## II

In determining whether a tort defendant had probable cause to believe that plaintiff committed an offense, Ohio courts have assigned considerable weight to similar findings by tribunals in the underlying criminal case. Those Ohio decisions have said that an order to bind the accused over after a preliminary hearing or an indictment of the accused by a grand jury constitutes *prima facie* evidence that there was probable cause for prosecution. *Epling* v. *Pacific Intermountain Express Co.* (1977), 55 Ohio App. 2d 59 [9 O.O.3d 67]; *C. F. Adams Co.* v. *Robertson* (1908), 16 Ohio C.C.(N.S.) 278; *Hruska* v. *Severance Specialty, Inc.* (C.A. 6, 1974), 498 F.2d 796 (applying Ohio law). Neither of those tribunal findings constitutes conclusive evidence of probable cause, and a plaintiff in the malicious prosecution action may offer rebuttal evidence. *Ash* v. *Marlow* (1851), 20 Ohio 119; *Epling, supra.*

The choice of language in these decisions seems unfortunate. Ordinarily, *prima facie* evidence means the quantum of proof sufficient to avoid an adverse directed verdict, an adverse peremptory jury instruction, or any other adverse legal ruling premised on a failure to supply information for evaluation by the trier of fact. In a false imprisonment or malicious prosecution action, the plaintiff has the burden of proving that the defendant acted without probable cause. The defendant has no burden to prove that he had probable cause to justify his actions. At most, he may have a burden of rebuttal or a risk of nonpersuasion to dispel acceptance of the plaintiff's evidence on that subject. Consequently, it seems awkward to say the defendant in a malicious prosecution action presented *prima facie* evidence on an issue for which he had no burden of proof. The defendant has presented sufficient evidence for a trier of fact to consider his position regarding probable cause, by challenging the plaintiff's evidence and without presenting any evidence of his own on that subject.

Instead, the Ohio cases should be treated as establishing a legal presumption that the accuser had probable cause for his accusation if a bind over order or an indictment results, unless the related preliminary hearing or grand jury proceeding received perjured testimony or was otherwise significantly irregular. Cf. *Boose* v. *Rochester* (1979), 71 A.D.2d 59,

---

pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have

the evidence or stipulation construed most strongly in his favor * * *"

[5] Civ. R. 56(E) provides in part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

421 N.Y.Supp.2d 740; *Lee* v. *Mt. Vernon* (1979), 68 A.D.2d 902, 414 N.Y.Supp.2d 215; *Zalewski* v. *Gallaher* (1977), 150 N.J. Super. 360, 375 A.2d 1195; *Jones* v. *McKesson & Robbins, Inc.* (D. N.D. 1965), 237 F.Supp. 454. See, also, Annotation, 28 A.L.R. 3d 748.

This presumption follows from the likelihood that such a tribunal finding is reliable, and the public policy to discourage lawsuits which inhibit enforcement of the criminal laws. Cf. McCormick, Evidence (2 Ed. Cleary Ed. 1972), Section 343. Absent substantial irregularities in their conduct, experience has shown these tribunals are reasonably well devised to find whether probable cause exists for the prosecution. They are not necessarily precursors of convictions, which require a considerably higher standard of proof. Further, the public should be encouraged to assist in prosecuting apparent offenders. They may be inappropriately dissuaded from doing so by the risk and expense of adverse litigation, particularly where an independent tribunal later confirms their belief that prosecution is appropriate.

At the same time, the presumption resulting from a bind over order or an indictment should be rebuttable. A malicious prosecution action fails without proof that the criminal case terminated favorably for the accused. It should be obvious that the bind over order and the indictment should not have conclusive weight. A contrary rule would change the elements of this action and exclude recovery in any case where there has been a bind over order or an indictment, regardless of its fanciful or unfounded source. The ability to rebut probable cause presumed from an *indictment* is particularly significant, since the grand jury's evidence is usually secret and beyond the plaintiff's reach. If the probable cause presumption were not rebuttable, a truly malicious accuser could lie at the preliminary hearing or the grand jury sessions and thereby obtain a bind over order or an indictment which screened him from civil liability for his malicious prosecution.

Evid. R. 301 defines the effect of such a presumption. It imposes on the party against whom it is directed the burden of going forward to rebut or meet it, but it does not shift the burden of proof.[6] Thus, unless an established presumption is rebutted, it creates a mandatory inference or a legally required rule of reasoning. If reasonable minds must necessarily find the underlying facts and if the consequent presumed fact remains unrebutted, the court should direct that the presumed fact has been established as a matter of law. *Carson* v. *Metropolitan Life Ins. Co.* (1956), 165 Ohio St. 238 [59 O.O. 310].

The court determines whether an otherwise presumed fact remains unrebutted, so that the mandatory inference will apply. However, if there is sufficient evidence for reasonable minds to find or deny the underlying facts, then the trier of fact must accept the presumed fact only if it finds the underlying facts, after the court has first made the legal

---

[6] Evid. R. 301 provides:

"In all civil actions and proceedings not otherwise provided for by statute * * * or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast."

This rule must be read in the light of Evid. R. 102 which directs, "* * * [t]hese rules shall be construed to state the common law of Ohio unless the rule clearly indicates that a change is intended * * *." Ohio's common-law rule for presumptions in civil cases is applied here as consistent with Evid. R. 301. See, also, Morgan, Basic Problems of Evidence (1963), at page 36.

determination that the presumed fact remains unrebutted by other evidence.

Further, a presumption can be utilized only when the party in whose favor it would operate presents no other evidence of the presumed fact. *Ayers* v. *Woodard* (1957), 166 Ohio St. 138 [1 O.O.2d 377]. Apparently that rule, which prevents parallel proof by a presumption and by direct evidence, has not been changed by Evid. R. 301.

The Evidence Rules do not specify the extent of proof needed to rebut a presumption. Ohio's rule was stated in *State* v. *Myers* (1971), 26 Ohio St. 2d 190, 201-202 [58 O.O.2d 29] (quoting from *Kennedy* v. *Walcutt* [1928], 118 Ohio St. 442, paragraph five of the syllabus):

" '* * * When a party is not required to sustain the burden of proof upon some particular issue, a rebuttable presumption arising out of such issue may be overcome by evidence which counterbalances the evidence to sustain the presumption; however, when such party is required to assume the burden of proof upon an issue, any rebuttable presumption arising therefrom must be removed by the same degree of proof necessary to sustain the issue.' "

If one party relies on a presumption and his adversary introduces evidence of a substantial nature which counterbalances the presumption, it disappears. *Carson* v. *Metropolitan Life Ins. Co.*, *supra*; Evid. R. 301, Staff Note.

Probable cause for prosecution was defined in *Ash* v. *Marlow, supra*, at 129:

" '* * * [A] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.' "

See, also, *Melanowski* v. *Judy, supra; Rogers* v. *Barbera, supra.*

Absent a controlling presumption, conflicting evidence about the defendant's probable cause to believe the plaintiff had committed an offense presents a factual issue that should be resolved by the jury. *Melanowski* v. *Judy, supra; Ash* v. *Marlow, supra; Lombardo* v. *Union Co.* (Dec. 18, 1980), Franklin App. No. 80AP-522, unreported.

## III

Plaintiff's deposition and affidavit provide the only evidence from which the presumed probable cause could be rebutted, for the purpose of the summary judgment motions. They show that plaintiff's co-worker at the defendant department store asked plaintiff for a ride home. That conversation took place in the store during their work hours. Plaintiff agreed to do so.

There were conflicting statements whether the two employees met at plaintiff's car in the store parking lot or a short distance outside the store en route to the car. The co-worker was carrying a bag which was later shown to contain merchandise stolen from the store. After both employees entered plaintiff's car, the store security officer approached it and escorted them back into the store, where the stolen merchandise was removed from the bag by the security officer. Plaintiff never touched or carried the bag or its contents.

The co-worker then admitted that he had stolen the merchandise. Plaintiff told the security officer he had no knowledge about the theft, and the acknowledged thief told the security officer that plaintiff was not involved in the theft. Plaintiff did not act in a suspicious manner. He made no attempt to leave and cooperated with the security guard's efforts. Store personnel summoned the local police who arrested both employees at the behest of the security guard.

These facts are sufficient to rebut the presumed fact of probable cause that results from the later bind over and indictment. It constitutes evidence of a substantial nature that at least counterbalances the presumed probable cause. In so ruling we reach no conclusion whether

the presumed fact will be rebutted at trial where more complete evidence of the arrest and prosecution circumstances will presumably be developed. Nor do we express any view as to the ultimate merits of this controversy.

However, we find that the evidence presented for consideration of the summary judgment motions established the underlying facts for a presumption of probable cause, and also provided sufficient rebuttal for the presumed probable cause to eliminate that presumption as a mandatory inference in ruling on those motions. Consequently, there remains a genuine issue of material fact as to defendants' probable cause to believe plaintiff was involved in the theft.

*Judgment reversed and cause remanded.*

PRŸATEL, C.J., and CORRIGAN, J., concur.