## Turrin
## v.
## New Philadelphia
*[Cite as 4 AOA 161]*

*Case No. 89-AP-030027*
*Tuscarawas County (5th)*
*Decided January 2, 1990*

*Arthur B. Cunningham, 132 Fair Avenue N.W., New Philadelphia, OH   44663, for Plaintiff-Appellant.*

*Chris T. Nolan, 300 Courtyard Square, 80 South Summit Street, Akron, OH   44308, for Defendants-Appellees.*

MILLIGAN, J.

Appellant, Joseph C. Turrin, is a New Philadelphia apartment complex owner.  In August, 1986, Turrin allegedly blocked the car of a guest

(Gardner) of one of his tenants (Dee Dee Rittenour) upon Turrin's property. He blocked egress with a three-wheel all terrain vehicle which he chained to a tree. Notwithstanding repeated requests that Turrin remove his vehicle, he refused to do so. Eventually the vehicle was removed and Gardner left the premises. Turrin was cited for violating New Philadelphia Ordinance·509.03(A)(4), Hindering, etc. Turrin denied the charges and filed a motion to dismiss and for acquittal in that case (6-86-CRB-683). The court heard the matter without a jury and found the accused "not guilty" of the charge and dismissed the complaint against Turrin with prejudice. (Entry at 4-5.)

Turrin later filed this action against the City of New Philadelphia and Officers Greg Popham and Michael Henry, claiming malicious prosecution and trespass. The case was tried to a jury in the Tuscarawas County Court of Common Pleas. A verdict was directed in favor of defendant-city upon immunity grounds, specifically R.C. 2744.03(A)(3). The jury returned a verdict in favor of both officers. The court rendered judgment in favor of the officers and dismissed the action.

Appellant now raises the following two assignments of error:

*ASSIGNMENT OF ERROR NO. I.*
THE TRIAL COURT ERRED IN ITS REFUSAL TO PERMIT PLAINTIFF TO INTRODUCE TESTIMONY RELEVANT TO THE ISSUE OF MALICE AND BAD FAITH AS CONTEMPLATED BY SECTION 2744.03 OHIO REVISED CODE, IN THAT:

A. THE TRIAL COURT REFUSED TO ALLOW TESTIMONY THAT PLAINTIFF OBTAINED THE SUSPENSION OF NEW PHILADELPHIA POLICEMAN RAYMOND NELSON FOR FAILURE TO PERFORM HIS DUTY.

B. THE TRIAL COURT REFUSED TO ALLOW TESTIMONY THAT PLAINTIFF WAS PERMITTED TO TAKE HIS DIFFICULTIES WITH THE POLICE DEPARTMENT DIRECTLY TO FORMER CHIEF OF POLICE, JAMES LOCKER.

C. THE TRIAL COURT REFUSED TO ALLOW TESTIMONY THAT THE NEW PHILADELPHIA POLICE DEPARTMENT CONSIDERED PLAINTIFF A NUISANCE AND THAT THE DEPARTMENT DID NOT LIKE TO DEAL WITH HIM.

D. THE TRIAL COURT REFUSED TO ALLOW TESTIMONY THAT THE PLAINTIFF RECEIVED AN ANONYMOUS LETTER INSINUATING THAT HE WAS A HOMOSEXUAL WHICH LETTER WAS LINKED TO THE NEW PHILADELPHIA POLICE DEPARTMENT BY RAYMOND NELSON'S PRESENCE AT A CONVERSATION WHERE A LETTER WAS DISCUSSED.

E. THE TRIAL COURT REFUSED TO ALLOW TESTIMONY THAT THE PLAINTIFF AND RAYMOND NELSON HAD AN UGLY CONFRONTATION IN LATE JUNE, 1986, AT THE CARROLLTON, OHIO, AIRPORT WHERE NELSON CALLED PLAINTIFF A "FAG" AND THREATENED TO FIGHT WITH HIM.

F. THE TRIAL COURT REFUSED TO ALLOW TESTIMONY THAT DEFENDANT POPHAM WAS ON DUTY WITH PATROLMAN NELSON AT LEAST TEN (10) TIMES IN THE DAYS BETWEEN THE CARROLLTON, OHIO, INCIDENT AND THE CRIMINAL CHARGE WHICH LED TO THIS MALICIOUS PROSECUTION SUIT, INCLUDING THE DATE OF THE CHARGE, AUGUST 4, 1986.

*ASSIGNMENT OF ERROR NO. II.*
THE TRIAL COURT ERRED IN ITS REFUSAL TO PERMIT PLAINTIFF TO INTRODUCE DOCUMENTS RELEVANT TO THE ISSUE OF MALICE AND BAD FAITH AS CONTEMPLATED BY SECTION 2744.03 OHIO REVISED CODE, IN THAT:

A. THE TRIAL COURT REFUSED TO ALLOW THE INTRODUCTION OF THE DOCUMENTS, PLAINTIFF'S EXHIBITS 1-3, EXHIBITS F, G AND H HERETO, REGARDING THE SUSPENSION OF RAYMOND NELSON FOR FAILURE TO PERFORM HIS DUTY.

B. THE TRIAL COURT REFUSED TO ALLOW THE INTRODUCTION OF THE ANONYMOUS LETTER TO PLAINTIFF INSINUATING THAT HE WAS A HOMOSEXUAL, WHICH LETTER WAS LINKED TO RAYMOND NELSON AND OTHER FORMER

MEMBERS OF THE NEW PHILADELPHIA POLICE DEPARTMENT.

C. THE TRIAL COURT REFUSED TO ALLOW THE INTRODUCTION OF THE POLICE DEPARTMENT'S DAILY LOG WHICH PROVED THAT DEFENDANT POPHAM AND RAYMOND NELSON WORKED ON THE SAME SHIFT AT LEAST TEN (10) TIMES DURING THE SHORT PERIOD OF TIME BETWEEN THE CARROLLTON, OHIO, INCIDENT IN LATE JUNE, 1986, AND AUGUST 4, 1986, WHEN PLAINTIFF TURRIN WAS CHARGED WITH THE CRIMINAL OFFENSE OF HINDERING.

D. THE TRIAL COURT REFUSED TO ALLOW THE INTRODUCTION OF THE POLICE LOG WHICH PROVED THAT DEFENDANTS POPHAM AND HENRY AND PATROLMAN NELSON WERE WORKING ON THE SAME SHIFT ON AUGUST 4, 1986, THE DAY PLAINTIFF WAS CHARGED WITH HINDERING.

*Statutory Immunity.* When defendants in a malicious prosecution action are police officers, an additional threshold issue looms. As employees of a political subdivision, the officers are protected by limited statutory immunity, R.C. 2744.03.

"[T]he employee is immune from liability unless one of following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;" R.C. 2744.03(A)(6)(a)(b), eff. 11/20/85.

Thus an officer is overlaid with an additional layer of protection against civil liability - a shield - which must be peeled away before the substantive issues of malicious prosecution are confronted.

Thus evidence of malice is relevant on the threshold question, is the officer immune?

We conclude that the trial court should have admitted some of the evidence proffered upon this issue, and erred in failing to admit it.

However, the court did not invoke the immunity provisions to bar the action. We thus turn to the assigned errors in the evidentiary rulings during the trial on the merits.

I. & II.

Both assignments of error treat the same claim, i.e., that prejudice befell appellant via the trial court's refusal to permit the jury to hear certain testimony and see certain exhibits.

"In order to state a cause of action for malicious prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) seizure of the plaintiff's person or property during the course of the prior proceedings; (2) malicious institution of prior proceedings against the plaintiff by defendant; (3) lack of probable cause for the filing of the prior lawsuit by defendant; and (4) termination of the prior proceedings in plaintiff's favor." *Crawford v. Euclid National Bank* (1985), 19 Ohio St. 135, at 139.

To demonstrate that the prosecution was actuated by malice, appellant sought to call a number of witnesses to the stand including New Philadelphia Police Officer Raymond Nelson, former City Police Chief James Locker, former Safety Director Art Cicconnetti and current Police Chief Thomas Staggers, among others. The court refused to permit any of these witnesses to testify to the jury on the ground that their testimony was inferential, and not material to the cause of action. As stated by appellant:

"Plaintiff, in the presentation of this case, wanted to prove that the prosecution was motivated by the facts that (1) the Department considered him a nuisance; and (2) several incidents proved that there was Department ill will; e.g., malice towards (sic) him." Brief at 12.

For example, by way of proffer, appellant presented evidence that Patrolman Nelson allegedly forced a confrontation with appellant at the New Philadelphia Airport wherein Nelson called Turrin a "faggot." There was also a wide range of proffered testimony that the police department considered Turrin a nuisance and chronic complainer. There was also proffered evidence that former Police Chief Locker suspended Officer Nelson for one day for failure to take appropriate action involving a complaint made to police by Turrin regarding parking at his apartments. (T. 21-22; 25-26).

It is the jury's function to determine whether Turin met his burden of proof on all the elements of malicious prosecution.

*Malice.* This proffered evidence was relevant upon the issue of malice. The trial court erred in denying the right to present any of this evidence as probative of the officer's intent at the time of the original arrest. *Motorists Mutual Ins.*

*Co. v. Hamilton Twp. Trustees* (1986), 28 Ohio St. 3d 13.

However, the error is prejudicial only if the other elements of the tort were made out by some credible evidenced. Conversely, if there was probable cause for the "hindering" prosecution the jury verdict must be sustained in the absence of error relating to that element. Civ. R. 61. See 5 O. Jur. 3d, Appellate Review, Section 619, p. 242.

*Probable cause and Its Relation to the Proffered Evidence of Ill Will or Malice.* Having been submitted to the jury without interrogatories, we do not know whether the jury found for the defendants because they did not find malice or because they found probable cause. If they found for defendants for the first reason (malice), the error was prejudicial. If they found for the second reason, the evidentiary error was harmless.

Thus the significant question becomes:

Is the officer's state of mind at all relevant upon the question of his conduct at the time of the citation in the criminal case?

If the test of probable cause is solely objective - i.e., what would a reasonable officer have done on the state of facts he encountered - the judgment must be affirmed for want of proof of that requirement. If his state of mind is at all relevant, then denial of opportunity to present evidence thereon is prejudicial as to the issue.

The problem is compounded by the legal reality that although want of probable cause allows an inference that the proceedings were actuated by malice, *Melanowski v. Judy* (1921), 102 Ohio St. 154, the converse is not necessarily true (if probable cause is purely subjective).

An ancient definition of probable cause:

"A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Ash v. Marlow (1851), 20 Ohio 119.

Thus a plaintiff in a malicious prosecution action is entitled, historically, to prove his "good character" and reputation, if known to the defendant, as a circumstance tending to show want of probable cause. *Melanowski v. Judy, supra,* at 156.

"It might be added that the defendant also should be charged with every fact with which he was reasonably chargeable with knowing in that connection. If the defendant knew that the plaintiff's character and reputation for honesty was good, such fact should be taken into consider-

ation as an element in determining whether the defendant had reasonable cause for making the complaint." *Melanowski, supra,* at 157.

If defendant's subjective knowledge of an accused's good character is relevant on the issue of probable cause, why is not his knowledge of bad character?

And if the test of probable cause is totally objective why are the doors of the civil court not closed to such actions any time the criminal trial court overrules the motion to suppress evidence for want of probable cause?

Judge Richard Markus articulately analyzes the probable cause dilemma by concluding that a bind over order at preliminary hearing or a grand jury indictment create a presumption of probable cause, placing upon the civil plaintiff the burden of rebutting the presumption by competent evidence that creates a genuinely disputed fact. *Adamson v. May Co.* (1982), 8 Ohio App. 3d 266, 456 N.E. 2d 1212. Thus the presumption applies "unless the related preliminary hearing or grand jury proceeding received perjured testimony or was otherwise significantly irregular." *Adamson, supra,* at 1215.

It is submitted that it would not be relevant to this analysis that the witness at preliminary hearing or before the grand jury was motivated by malice, so long as he did not commit perjury.

In *Adamson*, the court was presented with evidence of innocence of shoplifting which it refused to consider to contradict the presumption of probable cause. The court of appeals reversed the summary judgment.

In the case *sub judice*, there is no proffered evidence that the plaintiff did not technically violate the ordinance. To apply the rationale of *Adamson* would require us to push the matter to another level, holding that the *mens rea* of the officer is relevant to challenge the presumption of probable cause. The line of cases that hold probable cause to be an **objective** standard simply do not allow us to do that. *Whitely v. Warden* (1971), 401 U.S. 560, 92 S. Ct. 1031, 28 L.Ed. 2d 306; *Brinegar v. U.S.* (1949), 338 U.S. 160, 69 S. Ct. 1302, 93 L.Ed. 2d 1879.

The ultimate question is whether the circumstances encountered at the scene by the officer gave him probable cause to believe that the "hindering" ordinance was violated.[1]

We conclude that the presumption of probable cause emanating from the criminal trial proceedings was not challenged by any evidence of perjury or irregularity by the defendant-officer.

The trial court could have dismissed the case upon motion, but there is no prejudice when the issues are submitted to a jury and they return a defendants verdict, unchallenged by interrogatories.

The judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.

HOFFMAN, J., concurs.
GWIN, J., concurs separately.

---

[1] In dismissing the criminal charge against the appellant the municipal court ruled that the ordinance, as applied to the particular facts of the case, was unconstitutional. He did not find want of probable cause. (Nor is this a case where the officer is accused of attempting to enforce an ordinance he knows has been declared unenforceable.)

GWIN, J. concurring.

In order for a plaintiff to prove malicious prosecution, he must show lack of probable cause for the filing of the prior law suit by defendant. Here there was no such showing.

In fact, there was sufficient evidence in the instant record indicating sufficient probable cause for the issuance of the original citation against plaintiff. Proof of malice is a separate element from the lack of probable cause element in a malicious prosecution case and, therefore, each must be proven by plaintiff.

Hence, notwithstanding the trial court's failure to permit the relevant testimony which went toward proving the element of malice, plaintiff's case fails for the separate reason that he failed to show any lack of probable cause.

For these reasons, I concur.