JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Joseph Lobozzo appeals the trial court's entry of summary judgment in favor of defendants-appellees Thomas Fucito, LaRosa's Pizza, and Kenneth Annis on his claim for malicious prosecution. For the following reasons, we affirm.
In 2001, Lobozzo worked as an assistant manager at a LaRosa's Pizza franchise owned by Fucito. Annis was Lobozzo's immediate supervisor. Fucito and Annis accused Lobozzo of stealing from the restaurant, after computer records indicated that someone using Lobozzo's employee identification number and a manager-access-only password had been entering, in a short span of time, an unusually high number of voided sales and customer discount coupons. (The cluster of voided sales and discount coupons were entered on shifts when Lobozzo was working.) Fucito and Annis believed that Lobozzo had been taking cash from customers, pocketing the money, and then voiding or reducing the food orders so that the register would not be short at closing time. Lobozzo admitted that he had occasionally used the coupons to balance the register at the close of business when there was a slight deviation in the day's receipts, but only at the instruction of Annis. But Fucito stated in an affidavit that entering discount coupons to balance the register was not an authorized practice.
Lobozzo testified in his deposition that Fucito had told him that if he would sign a letter of resignation, Fucito would not prosecute him for the thefts. Lobozzo resigned as assistant manager and left the restaurant that night. Nevertheless, Fucito contacted the Hamilton County Sheriff's department concerning the thefts. Deputy Augusto Orue investigated the complaint and, as a result, arrested Lobozzo. In March 2002, a Hamilton County grand jury indicted Lobozzo for one count of theft. Six months later, the charges were dismissed when Fucito informed the state that because the thefts from the restaurant had continued since Lobozzo's resignation, Fucito was unsure whether Lobozzo had been the perpetrator.
On March 5, 2003, Lobozzo sued Fucito, Annis and LaRosa's Pizza for malicious prosecution. After the parties were deposed, the defendants moved for summary judgment, which the trial court granted.
Lobozzo now argues, in a single assignment of error, that the trial court erred by entering summary judgment in favor of the defendants. We are unpersuaded.
Civ.R. 56(C) provides that summary judgment is appropriate when no genuine issue of material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
To prevail on a claim for malicious prosecution in Ohio, the plaintiff must prove three elements: (1) malice in instituting or continuing the prosecution; (2) a lack of probable cause to initiate the criminal complaint; and (3) termination of the prosecution in favor of the accused.[4] Malice refers to "an improper purpose or any other purpose other than the legitimate interest of bringing an offender to justice."[5]
Fucito and Annis argue that Lobozzo could not show that they had maliciously instituted or continued the criminal proceedings or that there was a lack of probable cause to initiate the proceedings.
Lobozzo argues that malice may be inferred when, as in the case sub judice, there is lack of probable cause to support a criminal complaint. But our review of the record convinces us that there was probable cause here to initiate the criminal proceedings against Lobozzo.
An indictment by a grand jury creates a rebuttable presumption of probable cause.[6] In order to rebut the presumption, a plaintiff has the burden to establish that the indictment resulted from perjured testimony or that significant irregularities occurred during the grand-jury proceedings.[7] A review of the record convinces us that Lobozzo did not overcome the presumption of probable cause that attached when the grand jury indicted him for the thefts. The record is devoid of any evidentiary material that disparaged the grand-jury proceedings; instead, it reveals that Lobozzo agreed that the evidence Fucito and Annis had provided to Orue during his investigation was sufficient to cause his employer and Orue to believe that he may have been guilty of the thefts:
"Q. The stuff that Mr. Fucito showed you on this December evening, did it appear to you that there was a situation occurring where someone might think you had taken money?
"A. I would definitely — I mean, if I was the owner, think that, yes."
Because Lobozzo failed to satisfy the lack-of-probable-cause element, he could not prevail on his claim for malicious prosecution. Accordingly, the trial court properly entered summary judgment in favor of LaRosa's Pizza, Fucito and Annis.
Thus, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt and Gorman, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587,589, 1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front,153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.
[4] Trussell v. General Motors Corp. (1990),53 Ohio St.3d 142, 146, 559 N.E.2d 732.
[5] Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 85,564 N.E.2d 440.
[6] Adamson v. The May Co. (1982), 8 Ohio App.3d 266, 267,456 N.E.2d 1212.
[7] Id. at 267-268.