[Cite as *Ludt v. Youngstown*, 2016-Ohio-8553.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JAMES B. LUDT | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0084 |
| VS. | ) | |
| | ) | OPINION |
| CITY OF YOUNGSTOWN, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Consolidated Case No. 2013 CV 2548

JUDGMENT: Reversed.

APPEARANCES:

For Plaintiff-Appellee
James Ludt, Pro-se
2129 East Midlothian Boulevard
Struthers, Ohio 44471

For Defendants-Appellants
Attorney Megan Millich
Attorney Neil Schor
26 Market Street, Suite 1200
Youngstown, Ohio 44501-6077

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: December 29, 2016

DeGENARO, J.

**{¶1}** Defendants-Appellants, City of Youngstown, et al, appeal the trial court's judgment overruling their motion for summary judgment in part. As Appellants' arguments are meritorious, the judgment of the trial court is reversed and modified so as to grant Appellants summary judgment on all of Ludt's claims.

### Facts and Procedural History

**{¶2}** This appeal involves three of four cases which were consolidated into Case No. 2013 CV 2548 at the trial court level, and are described as follows by case number.

### 13 CV 2549

**{¶3}** Ludt filed a complaint against the City of Youngstown, Mayor Jay Williams, and Assistant Chief Enforcement Officer Tony DeNicholas, alleging multiple claims. Appellants filed an answer denying all claims and asserting various affirmative defenses. They also filed a motion for summary judgment which Ludt opposed. On May 26, 2015, the trial court granted summary judgment to Appellants on a majority of Ludt's claims. However, it denied summary judgment on Ludt's Section 1983 Fourth Amendment claim and his due process claim.

### 14 CV 2590

**{¶4}** Ludt's complaint as amended against the City of Youngstown, Mayor Charles Samarone, Prosecutor Dana Lantz, Police Officer Laura Fulmer, Assistant Prosecutor Kathleen Thompson, and other unknown city employees, alleged, pertinent to this appeal, "4th Amendment Violation Retaliation Thru Officials Position of Office/Employment Since the Year 2004." Defendants filed a motion for summary judgment and one month later Ludt filed a voluntary motion to dismiss this case citing his lack of legal training and bipolar condition as grounds. On May 26, 2015, the trial court overruled the motion to dismiss and granted summary judgment to Defendants on all of Ludt's claims except for the retaliation claim.

### 13 CV 2550

**{¶5}** Ludt filed a complaint against the City of Youngstown, Mayor Jay Williams, Arson Investigator Alvin Ware, Fireman Richard Russo, Battalion Chief David Harris, and Police Officer Doug Pesa for Abuse of Process, Malicious

Prosecution, False Arrest, Retaliation, and Section 1983 claim.

**{¶6}** Factually, on April 22, 2009, a fire occurred at Ludt's property located at 1422 Midlothian Boulevard, Youngstown, Ohio. Ludt alleges City of Youngstown firefighters Ware, Russo, and Harris and Officer Pesa embarrassed him and trespassed onto his property. He contends a verbal altercation occurred after the fire was extinguished. Ludt believes the fire was arson and not properly investigated. Ludt was charged with obstruction of official business and misconduct at an emergency. The latter charge was dismissed by the city prosecutor. Ludt waived his preliminary hearing and consented to binding over to the grand jury the obstruction charge. He was indicted on May 21, 2009 and ultimately found not guilty.

**{¶7}** Appellants filed an answer denying all claims and asserting various affirmative defenses. Defendants filed a motion for summary judgment which Ludt opposed. On May 26, 2015, the trial court granted summary judgment to Appellants on all of Ludt's claims except for the Malicious Prosecution, False Arrest, and Retaliation claims.

**{¶8}** When reviewing a trial court's decision to grant summary judgment, an appellate court review is de novo. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment will be granted when the movant demonstrates, viewing the evidence most strongly in favor of the nonmovant, that reasonable minds can find no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. A material fact is one that affects the outcome of the suit under the applicable substantive law. *Bank v. Miller,* 7th Dist. No. 13 MA 119, 2015-Ohio-2325, ¶ 26.

### 13 CV 2549 - Fourth Amendment Claim

**{¶9}** In their first of six assignments of error, Appellants assert:

THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO MAYOR JAY WILLIAMS AND TONY DENICHOLAS ON APPELLEE'S 4th AMENDMENT CLAIM.

{¶10} An action under Section 1983 alleges that an individual had been deprived of a Constitutional right by a person acting under color of law. 42 U.S.C. 1983; *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 1992-Ohio-133, 595 N.E.2d 862. Federal and state courts have concurrent jurisdiction to remedy this deprivation. *Schwarz v. Board of Trustees of Ohio State Univ.*, 31 Ohio St.3d 267, 510 N.E.2d 806. "To establish a 1983 claim against an individual public official, two elements are required: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of a federally protected right, either constitutional or statutory." *Cook v. Cincinnati*, 103 Ohio App.3d 80, 85, 658 N.E.2d 814 (1st Dist.1995).

{¶11} The pertinent part of Section 1983, Title 42, U.S. Code states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * *, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *.

{¶12} Governmental officials may avail themselves of a qualified immunity defense if they are sued under Section 1983. When determining whether qualified immunity should be granted, the court applies a three-prong test:

(1) whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred; (2) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Vlcek v. Chodkowski*, 2015-Ohio-1943, 34 N.E.3d 446, ¶ 20 (2d Dist.) citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir.2005).

**{¶13}** Once qualified immunity is raised, it is the plaintiff's burden of proof to establish that the defendants are not entitled to qualified immunity. *Cook, supra,* at 85-86.

**{¶14}** Although Ludt made multiple allegations against Williams, Ludt never alleged that Williams violated his Fourth Amendment rights depriving him of his personal property. Thus, we need not consider whether Williams is protected by qualified immunity. Even if we were to consider it, Appellants asserted the defense, and Ludt asserted nothing in response and as such did not meet his burden to demonstrate Williams was not entitled to qualified immunity. *Cook* supra.

**{¶15}** Regarding DeNicholas, Ludt alleged, and Appellants admitted in their motion for summary judgment, that DeNicholas was employed and acting in his capacity as a Youngstown zoning officer when he briefly took Ludt's video camera but quickly returned it. They further asserted the administration of a zoning department is a governmental function and entitled to immunity. As Appellants carried the initial burden of alleging facts demonstrating DeNicholas was acting within the scope of his authority during the incident, the burden shifts to Ludt to establish that DeNicholas' conduct violated a clearly established right that any official in his position would have understood he or she was under an affirmative duty to refrain from such conduct. *Cook, supra.*

**{¶16}** In his opposition to summary judgment Ludt contended DeNicholas was "acting outside his/her Authority" and consequently has no qualified immunity; he asserts nothing else in rebuttal. This contradicts the allegations in Ludt's complaint that DeNicholas took his camera while working for the city.

**{¶17}** In sum, summary judgment should have been granted to Appellants on Ludt's Fourth Amendment claim against Williams and DeNicholas. Accordingly Appellants' first assignment of error is meritorious.

### 13 CV 2549 - Due Process Claim

**{¶18}** In their second of six assignments of error, Appellants assert:

THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO THE CITY OF YOUNGSTOWN, MAYOR JAY WILLIAMS, AND TONY DENICHOLAS ON APPELLEE'S DUE PROCESS CLAIM.

**{¶19}** Ludt makes no allegations in either his complaint or in opposition to summary judgment that Jay Williams and the City violated his due process rights. Thus, we need not consider whether Williams and the City are protected by qualified immunity. Even if we were to consider it, Appellants asserted the defense and Ludt asserted nothing in response and as such did not meet his burden to demonstrate Williams and the City were not entitled to qualified immunity. *Cook, supra.*

**{¶20}** Regarding DeNicholas, Ludt alleged his due process rights were violated when DeNicholas took his camera and briefly withheld it before returning it to him. It's unclear if Ludt is arguing that his procedural or substantive due process rights were violated. Both will be discussed in turn.

> The Due Process Clause of the Fourteenth Amendment states that no state shall 'deprive any person of life, liberty, or property without due process of law.' In order to state a claim under 42 U.S.C.1983 for a procedural due process violation, a plaintiff must allege that (1) he or she has a right or interest that is entitled to due process protection, and (2) that he or she was deprived of that right without a meaningful opportunity to be heard.

*Rodefer v. McCarthy*, 2015-Ohio-3052, ¶ 50, 36 N.E.3d 221 (2d Dist.).

**{¶21}** Ludt made no claim or asserted any facts that he had a right or interest that was entitled to due process and that he was deprived of that right without a hearing. Accordingly a procedural due process argument is meritless.

**{¶22}** "[S]ubstantive rights may be enforced via Section 1983." *Peoples Rights Org., Inc. v. Montgomery*, 142 Ohio App.3d 443, 488, 756 N.E.2d 127 (12th Dist. 2001). Many of the specific protections in the Bill of Rights are incorporated into the Due Process Clause, the infringement of which may be challenged via litigation.

*Id.* "The Due Process Clause contains a substantive component that bars arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Id.*, quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). "Substantive due process thus protects both explicit rights and other fundamental rights." *Id.* The Twelfth District elaborated:

> The protection of substantive due process exists to ensure " 'the right to be free [from] state intrusions into [the] realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience.' " *Lillard v. Shelby Cty. Bd. of Edn.* (C.A.6, 1996), 76 F.3d 716, 725. * * *

> Substantive due process protections have been afforded only in certain fundamental realms, relating to "marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 272, 114 S.Ct. at 812, 127 L.Ed.2d at 122.

*Montgomery*, 142 Ohio App.3d at 491.

{¶23} Ludt has failed to provide a substantive due process ground as the basis to sustain this lawsuit; his claim that DeNicholas took his camera is not one of the recognized protected grounds.

{¶24} In sum, the trial court should have granted summary judgment to the Appellants on Ludt's due process claim against the city, Jay Williams, and Tony DeNicholas. Accordingly, Appellants' second assignment of error is meritorious.

**13 CV 2550 - Malicious Prosecution**

{¶25} In their third of six assignments of error, Appellants assert:

THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO MAYOR JAY WILLIAMS, ALVIN WARE, RICHARD RUSSO, DAVID HARRIS, AND DOUG PESA ON APPELLEE'S MALICIOUS PROSECUTION CLAIM.

**{¶26}** A malicious prosecution claim entails the following: "(1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings." (Citations omitted.) *Crawford v. Euclid Natl. Bank*, 19 Ohio St.3d 135, 139, 483 N.E.2d 1168 (1985). A grand jury indictment in a criminal prosecution creates a rebuttable presumption that there was probable cause to prosecute, unless those proceedings received perjured testimony or were otherwise significantly irregular. See *Adamson v. May Co.*, 8 Ohio App.3d 266, 456 N.E.2d 1212 (8th Dist.1982), syllabus.

**{¶27}** Appellants asserted in their summary judgment motion that Ludt failed to establish the second element, lack of probable cause, because he waived his preliminary hearing and was indicted by the grand jury, attaching a copy of the waiver and the indictment. Ludt failed to provide any evidence rebutting that assertion, and did not address this argument in his opposition to summary judgment.

**{¶28}** Based on the evidence presented, reasonable minds could find no genuine issue of material fact as to whether probable cause was established. Accordingly, the trial court should have granted Appellants' summary judgment on Ludt's malicious prosecution claim, and their third assignment of error is meritorious.

### 13 CV 2550 - False Arrest Claim

**{¶29}** In their fourth of six assignments of error, Appellants assert:

THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO MAYOR JAY WILLIAMS, ALVIN WARE, RICHARD RUSSO, DAVID HARRIS, AND DOUG PESA ON APPELLEE'S FALSE ARREST CLAIM.

**{¶30}** The Fourth District held regarding false arrest and Section 1983 claims:

[T]he plaintiff asserts that law enforcement officers deprived him or her of the Fourth Amendment right to be free from unreasonable seizures of

the person. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). Thus, for a wrongful arrest claim to succeed under 42 U.S.C.1983, a plaintiff must prove that the police lacked probable cause to arrest. *Miller v. Sanilac Cty.*, 606 F.3d 240, 250 (6th Cir.2010); *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir.2007).

*Bodager v. Campbell*, 4th Dist. No. 12CA828, 2013-Ohio-4650, ¶ 35.

**{¶31}** Ludt's false arrest claim is based on his allegation that the arrest warrant issued for him was based upon "false testimony that was recanted at trial." He never attached any evidentiary materials to support this contention. Appellants again asserted in the summary judgment motion that the grand jury indictment in the criminal prosecution created a rebuttable presumption of probable cause. Ludt did not address this argument in response. The trial court should have granted summary judgment to Williams, Ware, Russo, Harris, and Pesa on Ludt's false arrest claim. Accordingly, Appellants' fourth assignment of error is meritorious.

### 13 CV 2550 & 14 CV 2590 - Retaliation Claims

**{¶32}** Appellants' fifth and six assignments of error are interrelated and will be discussed together for clarity of analysis:

THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO CITY OF YOUNGSTOWN, MAYOR JAY WILLIAMS, ALVIN WARE, RICHARD RUSSO, DAVID HARRIS, AND DOUG PESA ON APPELLEE'S RETALIATION CLAIM.

THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO THE CITY OF YOUNGSTOWN, MAYOR CHARLES SAMMARONE, DANA LANTZ, LAURA FULLMER, AND KATHLEEN THOMPSON ON APPELLEE'S RETALIATION CLAIM.

**{¶33}** The Sixth Circuit discussed the remedy for retaliation claims:

It is well established that government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. See, e.g., *Crawford–El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (misdirection of personal belongings may state a claim of retaliation for exercise of First Amendment rights); *Board of County Comm'rs, Wabaunsee County v. Umbehr*, 518 U.S. 668, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996) (nonrenewal of plaintiff's government contract in retaliation for his exercise of free speech is actionable); *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) ("[I]f the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited."); *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir.) ("[A] claim of retaliation for exercise of the constitutional right of access is cognizable under § 1983."), cert. denied, 522 U.S. 861, 118 S.Ct. 164, 139 L.Ed.2d 108 (1997); *Zilich v. Longo*, 34 F.3d 359, 365 (6th Cir.1994) ("The law is well settled in this Circuit that retaliation under color of law for the exercise of First Amendment rights is unconstitutional ...."), cert. denied, 514 U.S. 1036, 115 S.Ct. 1400, 131 L.Ed.2d 288 (1995). Therefore, for these wrongs, too, § 1983 provides a remedy.

\* \* \* \* \* \*

Retaliation claims arise in any number of contexts. The essence of such a claim is that the plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse

> action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct. There are variations on this theme in bodies of statutory law that allow retaliation claims (e.g., ADA, Title VII, NLRA, etc.), but the essential framework remains the same. See, e.g., *Barnett v. Department of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir.1998) (Title VII retaliation claim); *Walborn v. Erie County Care Facility*, 150 F.3d 584, 588–89 (6th Cir.1998) (ADA retaliation claim); Wrenn v. Gould, 808 F.2d 493, 500–01 (6th Cir.1987) (Title VII retaliation claim).

*Thaddeus-X v. Blatter*, 175 F.3d 378, 386-387 (6th Cir. 1999)

{¶34} Regarding Ludt's claims against Youngstown, Williams, Ware, Russo, Harris, and Pesa, he does not allege any specific speech on his part that resulted in him being charged with obstruction of official business. He alleged that the Appellants criminally prosecuted him without following or applying normal city procedures of investigation before charging him. Ludt alleged nothing correlating free or protected speech with the accompanying charges. Thus, the complaint does not adequately set forth a retaliation claim in the first instance.

{¶35} Moreover, Appellants' summary judgment motion asserted this deficiency yet Ludt did not address it in his opposition to summary judgment. As such, the trial court should have granted Youngstown, Williams, Ware, Russo, Harris, and Pesa summary judgment on this retaliation claim.

{¶36} Regarding Ludt's claim against, Youngstown, Sammarone, Lantz, Fulmer, and Thompson, he does allege several specific instances of graffiti on his property and the lawsuits the City filed against him that followed. These lawsuits are based on defacement ordinances and zoning violations. Ludt was charged for zoning violations as opposed to being charged for exercising his free speech rights. Ludt's retaliation claim is deficient and inadequately sets forth a cause of action because it merely states that the Appellants criminally prosecuted him without following or

applying normal city procedures of investigation.

**{¶37}** In light of this deficiency, we need not consider whether Youngstown, Williams, Ware, Russo, Harris, Pesa, Sammarone, Lantz, Fulmer, and Thompson are protected by qualified immunity. Even if we were to consider it, Appellants asserted the defense and Ludt asserted nothing in response and as such did not meet the burden and demonstrate Appellants were not entitled to qualified immunity. *Cook supra*.

**{¶38}** The trial court should have granted summary judgment in favor of the Appellants on both of Ludt's retaliation claims. Accordingly, Appellants' fifth and sixth assignments of error are meritorious.

**{¶39}** In sum, all six of Appellants' assignments of error are meritorious. Ludt has inadequately pled the causes of action he wishes to sustain. Moreover, Ludt has failed to rebut Appellants' assertion of qualified immunity. Accordingly, the judgments of the trial court in favor of Ludt are reversed, and modified so that summary judgment is granted in favor of Appellants.


Donofrio, P. J., concurs.

Robb, J., concurs.