YOUNG, Appellant,

v.

SUMMIT COUNTY et al., Appellees.

[Cite as *Young v. Summit Cty.* (1990), 67 Ohio App.3d 661.]

Court of Appeals of Ohio,
Summit County.

No. 14372.

Decided May 16, 1990.

*R. David Briggs,* for appellant.
*Chris Nolan,* for appellees.

---

REECE, Presiding Judge.

In 1976, plaintiff-appellant, Dale Young, was ordered to appear before the domestic relations court in response to a contempt charge. Young was found to be in contempt and a warrant for her arrest was issued. Young appealed to this court, which found that the contempt order was not valid. *Young v. Young* (Nov. 17, 1976), Summit App. No. 8084, unreported.

On January 2, 1981, the trial court released and discharged the contempt. This order was filed with the clerk of courts, thus vacating the capias issued in 1976. However, the Summit County Sheriff's Department never received any notice that the capias had been vacated.

On December 28, 1987, Young was arrested pursuant to this warrant. Young filed a wrongful arrest complaint against defendants-appellees, Summit County and Sheriff David Troutman. The trial court granted summary judgment in favor of the appellees. Young appeals.

### Assignment of Error

"The trial court erred in granting summary judgment in favor of the defendants when there existed material facts, which when construed in a light most favorable to plaintiff would support plaintiffs [*sic*] claims."

Young contends that summary judgment was not proper in that there are genuine issues of material fact as to why the sheriff's department served an invalid warrant ten years after it was issued.

Summary judgment shall not be rendered unless there is no genuine issue as to any material fact, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Toledo's Great Eastern Shoppers*

*City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 201, 24 OBR 426, 429, 494 N.E.2d 1101, 1104; Civ.R. 56(C). Accordingly, an order granting summary judgment will be upheld where, construing the evidence most strongly in favor of the nonmoving party, the record discloses no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. An appellate court must apply the same standard as the trial court in reviewing the granting of summary judgment. *Id.*

Although the trial court's order granting summary judgment in favor of the appellees does not state upon what basis it was granted, appellees contend that they are immune from liability pursuant to R.C. 2744.01 *et seq.*

The Political Subdivision Tort Liability Act (the "Act"), which applies to causes of action against political subdivisions for injuries to persons that arise on or after November 20, 1985, provides in part:

" 'Political subdivision' or 'subdivision' means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. * * * " R.C. 2744.01(F).

The Act includes as a "governmental function" an act that is an obligation of the subdivision, whether entered into voluntarily or by statute. R.C. 2744.01(C)(1)(a). The Act also includes as a governmental function one that benefits all of the people of the state and one that nongovernmental entities do not regularly perform. R.C. 2744.01(C)(1)(b) and (c). Among the nonexhaustive list of governmental functions in R.C. 2744.01(C)(2) is "(i) [t]he enforcement or nonperformance of any law."

The Act also enumerates defenses that can be asserted to avoid liability:

"The political subdivision is immune from liability if the conduct of the employee involved, other than negligent conduct, that gave rise to the claim of liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability was necessary or essential to the exercise of powers of the political subdivision or employee." R.C. 2744.03(A)(2).

Therefore, a subdivision can assert as a defense that the activity engaged in was required or authorized by law. An arrest made pursuant to an arrest warrant is an activity authorized by law.

"Employee" as used in the Act includes any elected or appointed official of a political subdivision. R.C. 2744.01(B). R.C. 2744.03(A)(6) provides that an employee is immune from liability unless his acts or omissions were

manifestly outside the scope of his employment or official responsibilities or were made with malicious purpose, in bad faith or in a wanton or reckless manner, or liability is expressly imposed by the Revised Code.

There is no evidence in the record that Troutman performed any acts or omissions. However, R.C. 311.05 provides:

"The sheriff shall only be responsible for the neglect of duty or misconduct in office of any of his deputies if he orders, has prior knowledge of, participates in, acts in reckless disregard of, or ratifies the neglect of duty or misconduct in office of the deputy."

Young does not allege in her complaint a cause of action under the doctrine of respondeat superior, as enunciated in R.C. 311.05. The record does not contain any evidence that Troutman did any of the acts required under R.C. 311.05.

Based on the foregoing reasons, the trial court did not err in granting summary judgment for the appellees. Young's assignment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CIRIGLIANO, JJ., concur.