CARVER, Appellant,

v.

Village of HARTVILLE POLICE DEPARTMENT et al., Appellees.

[Cite as *Carver v. Hartville Police Dept.* (1992), 71 Ohio App.3d 450.]

Court of Appeals of Ohio,
Stark County.

No. CA–8705.

Decided Feb. 24, 1992.

*A. Edward Bonetti, Jr.,* for appellant.
*Chris T. Nolan,* for appellees.

WILLIAM B. HOFFMAN, Judge.

In July 1989, a neighbor of plaintiff-appellant Glenda F. Carver gave a written statement to the Village of Hartville Police Department regarding what the neighbor perceived to be marijuana plants on appellant's apartment patio in Hartville. The informant also stated she had observed numerous visitations to the apartment at all hours and also provided photographs supporting her contention that the plants were marijuana.

After determining that the plants were indeed marijuana, the investigating officer consulted with the Stark County Prosecutor's office to obtain a search warrant. The prosecutor's office declined to issue a warrant because there was insufficient probable cause connecting the cultivation with the interior of the residence. Surveillance continued and subsequently there was an exchange of money and a small package in front of the apartment between appellant's son, Michael Carver, and an unknown individual. The purchaser was again observed visiting the apartment and was subsequently stopped for

a traffic violation, whereupon he admitted purchasing marijuana from Michael Carver immediately before the stop. After observing even more substantive evidence of drug trafficking, the Hartville Police Department obtained a search warrant from a Canton Municipal Court judge. Subsequent to the search, arrest warrants were issued for both appellant and her son. The pair turned themselves into the Stark County Sheriff's Department on July 20, 1989. Subsequently, the Stark County Grand Jury returned a two-count secret indictment against appellant for aiding and abetting her son in trafficking in marijuana, in violation of R.C. 2925.03(A)(3) and 2925.03(A)(6). These charges were disposed of by *nolle prosequi* prior to appellant's trial date of December 13, 1989. Although inexplicably omitted from both parties' briefs, Michael Carver entered a guilty plea to trafficking on December 7, 1989 and was convicted.

Subsequently, appellant filed a complaint against the Hartville Police Department, village of Hartville, and certain police officers sounding in false arrest, false imprisonment, and malicious prosecution for acts arising out of the arrest and criminal prosecution against her. Appellees filed a motion for summary judgment and appellant responded with a memorandum in opposition. By order filed August 14, 1991, the court granted summary judgment to all defendants.

From that final order appellant appeals, raising a sole assignment of error:

### Assignment of Error

"The trial court erred in granting judgment in favor of defendant[s] due to the existence of genuine issues of material fact which preclude the granting of summary judgment."

The Ohio Supreme Court has recently clarified its test for the tort of malicious criminal prosecution in the following manner:

" * * * In order to prevail the plaintiff must prove the following elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Criss v. Springfield Twp.* (1990), 56 Ohio St.3d 82, 84, 564 N.E.2d 440, 443, citing *Trussell v. General Motors Corp.* (1990), 53 Ohio St.3d 142, 144, 559 N.E.2d 732, 734.

Appellant cites *Huber v. O'Neill* (1981), 66 Ohio St.2d 28, 20 O.O.3d 17, 419 N.E.2d 10, for the proposition that "in an action for malicious prosecution, the want of probable cause is the gist of the action. If such be proven, the legal inference may be drawn that the proceedings were actuated by malice." *Id.*, 66 Ohio St.2d at 29, 20 O.O.3d at 18, 419 N.E.2d at 11. Because the *Huber* "test" appears to blur the elements of malice and lack of probable cause,

*Criss* is all the more controlling in the case *sub judice.* Further authority that *Criss* controls emanates from *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 139, 19 OBR 341, 344, 483 N.E.2d 1168, 1171, wherein the Supreme Court distinguished between malicious institution and lack of probable cause as being separate and independent elements, stated in the conjunctive.

Appellees' response herein is misplaced and inappropriate. At page 11 of their brief, appellees state (referring to the prosecutor):

"The trial court * * * *found* that the Defendants–Appellants [*sic*] disclosed all available information available to counsel before arresting and instituting the prosecution of the Appellant–Plaintiff." (Emphasis added.)

■ In its grant of summary judgment cited *supra,* the trial court did not make any findings, nor was it required to do so. Notwithstanding appellees' response, appellant's argument fails and summary judgment was entirely appropriate herein for the reason that there is no evidence whatsoever supporting the malice element of the tort of malicious prosecution. As articulated by Justice Brown in *Criss,* 56 Ohio St.3d at 84–85, 564 N.E.2d at 443:

"The requirement of malice turns directly on the defendant's state of mind. Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent. * * * " (Citations omitted.)

Applying the Civ.R. 56 standard which requires the court to construe the evidence most favorably against the nonmoving party, there still is a complete dearth of substantive evidence herein pointing to "malice in instituting or continuing the prosecution."

■ Notwithstanding our determination that appellant has failed on the malice element of the test, there was sufficient probable cause herein to search, arrest and indict. Although apparently spending some nights at an Akron residence, police surveillance indicated appellant spent every night at the apartment from July 13 through July 17. Additionally, appellant was the record leaseholder of the premises.

Applying the *Criss* test, summary judgment was appropriate as a matter of law and appellant's assignment of error is not well taken. Having so determined, appellant's claim(s) of false arrest/imprisonment are likewise

overruled.  See R.C. 2744.01 *et seq.* and *Young v. Summit Cty.* (1990), 67 Ohio App.3d 661, 588 N.E.2d 169.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and SMART, J., concur.