OPINION
Appellant, Thomas M. Lane,[1] was being held temporarily in the Lucas County jail, pending release on bond. While waiting in one of the jail's "bullpens," appellant conversed briefly with another prisoner, Kim Turner. When Deputy Lori Knannlein called Lane's name for release, it was Turner who identified himself as Lane. Providing Lane's birth date and social security number, Turner placed his thumbprint on the booking sheet, signed appellant's name and was released by mistake. Turner left with appellant's jacket and $46.11 in cash. Approximately twenty minutes later, when appellant inquired if his bond had been posted yet, the deputy discovered her mistake. She immediately notified her superiors and steps were taken to recover the prisoner. Within an hour and a half, Turner was back in custody.
While the recovery process was taking place, appellant was taken to another cell and questioned as to how the prisoner had known his personal identification information. According to the deputies, appellant admitted giving Turner the information. Appellant allegedly made the further admittance that he had heard his name called by the deputy for release but had not spoken up when Turner responded and left with the deputy. Allegedly based upon this information, Sergeant Robert Benson determined that appellant should be charged in connection with Turner's escape. Subsequently, appellant was indicted by the Lucas County Grand Jury for aiding and abetting. However, in a bench trial, appellant was acquitted and released. The trial court found that, rather than acting intentionally, appellant had "unwittingly" helped the prisoner in his escape.[2]
In February 1996, appellant filed a complaint[3]
against appellees (Lucas County Sheriff James Telb, and two deputies, Sergeant Robert Benson and Deputy Lori Knannlein), alleging the following: malicious prosecution, false arrest and imprisonment, negligent hiring, misfeasance, malfeasance, and neglect of duty.
Appellees answered, denying all allegations of wrongful actions. Appellant requested various documents and information in discovery. In November 1996, appellant moved to compel discovery, alleging that appellees had failed to provide certain documents. The trial date was rescheduled several times at the request of both parties. Appellee Telb and the two deputies moved for summary judgment.
In November 1997, approximately one year after appellant filed his motion to compel, the trial court granted summary judgment to appellees on the basis of immunity from prosecution. The court also denied appellant's motion to compel.
Appellant now appeals, setting forth the following two assignments of error:
 "Assignment of Error One: The Lower Court erred by abusing its discretion in not properly finding that there was law exposing the Defendants to liability under O.R.C. 2744(A)(6) and by not finding that there were material facts in this case in controversy requiring resolution by a jury trial pursuant to the standards of Civil Rule 56.
 "Assignment of Error Two: The Lower Court erred by abusing its discretion by not ruling on the Plaintiff's Motion to Compel Discovery before it ruled on a Motion For Summary Judgment by Defendant Telb."
 I.
Appellant, in his first assignment of error, contends that the trial court erred in granting summary judgment for the reason that appellees, as employees of a political subdivision, are immune from prosecution.
The standard of review for a summary judgment is the same for both a trial court and an appellate court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) states in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
R.C. 2744.03 provides limited statutory immunity to a political subdivision and its employees, which includes police officers employed by the political subdivision. See Young v.Summit County (1990), 67 Ohio App.3d 661. However, R.C.2744.03(A)(6) specifically provides that an employee is not immune from liability if:
 "(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;" or
 "(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; * * *"
In this case, it is not disputed that appellees were acting within the scope of their employment. Thus, we will examine whether appellant established that appellees were acting with malice, in bad faith, or in a reckless or wanton manner.
"Malice" is the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified.Jackson v. Butler Cty. Bd. of Commrs. (1991), 76 Ohio App.3d 448,453. Malice may be inferred from a lack of probable cause.Melanowski v. Judy (1921), 102 Ohio St. 153, 156.
"Bad faith" connotes a dishonest purpose, conscious wrongdoing, intent to mislead or deceive, or the breach of a known duty through some ulterior motive or ill will. Id. "Reckless" or "wanton misconduct" is a complete disregard for the care and safety of others, indifferent to the consequences, with a belief that probable harm will result. Id. In order to demonstrate "wanton misconduct" mere negligence is not enough. Fabrey v.McDonald Police Dept. (1994), 70 Ohio St.3d 351, 356. Nevertheless, the return of an indictment by a grand jury providesprima facie evidence of probable cause. Carlton v. Davisson
(1995), 104 Ohio App.3d 636, 650-651. A plaintiff then has the burden to produce substantial evidence that the indictment was secured by perjured testimony or that the grand jury proceedings were otherwise significantly improper. Adamson v. May Co. (1982),8 Ohio App.3d 266, 268. Mere evidence of an acquittal at a criminal trial is insufficient to establish malice. Deoma v.Shaker Heights (1990), 68 Ohio App.3d 72, 77.[4]
In this case, appellant claims that the deputies are not immune from suit because they lacked probable cause to bring charges against him for aiding and abetting. Appellant contends that their grand jury testimony was false regarding his responses following the discovery of the other prisoner's escape. However, no transcript of the grand jury proceedings was requested or made a part of the record. Therefore, we must presume the regularity of those proceedings. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Consequently, appellant has failed to meet his burden to rebut the presumption of probable cause created by the grand jury indictment.
Furthermore, while the facts presented may show that Benson and Knannlein may have been negligent in the performance of their duties as deputies, appellant provided no evidence from which reasonable minds could find that such actions meet the criteria for malicious, bad faith or wanton or reckless conduct. In addition, appellant has provided no evidence that appellee Telb had any personal involvement or knowledge of the incidents regarding the mistaken release or subsequent prosecution. Consequently, appellant has failed to demonstrate that appellees were not immune from suit pursuant to R.C. 2744.03.
Therefore, we conclude that no genuine issues of material facts remain, and even when construing those facts in a light most favorable to appellant, appellees are entitled to judgment as a matter of law.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, argues that the trial court erred in ruling on his motion to compel discovery after determining appellees' motions for summary judgment. Appellant contends that he needed certain unspecified documents requested in his discovery demand in order to rebut appellees' motions for summary judgment and for argument on appeal.
A trial court's decision to deny a discovery request is reviewed under an abuse of discretion standard. State ex rel.Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57. An abuse of discretion "connotes more than a mere error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Although appellant contends that appellees failed to comply with his discovery request, we can find nothing in the record which specifically designates which documents appellants wanted, was not given, or was not provided access to. Moreover, we note that the case dragged on for almost one year between the filing of appellant's motion to compel and the trial court's decision as to appellees' motions for summary judgment. Thus, appellant had adequate opportunity to file a specific request for documents, to request the court to rule on its motion, or to ask for sanctions, if warranted. Therefore, we cannot say that the trial court's denial of appellants' motion to compel was an abuse of its discretion.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 James R. Sherck, J.
CONCUR.
[1] Appellant's mother was also a party to the original lawsuit. However, Thomas Lane is the sole appellant represented in this appeal.
[2] At trial, Turner testified that he had been able to get the information by tricking appellant into showing him his booking sheet. Turner and appellant both denied that appellant had any culpable part in Turner's escape.
[3] Appellant and his mother first filed in the Lucas County Court of Common Pleas. After appellant added federal claims, the case was removed to the United States District Court for the Northern District of Western Ohio. However, appellant dismissed the federal claims and, ultimately, the case was re-instituted in the common pleas court.
[4] Appellant also contends that appellees violated certain administrative standards as proof of his claims. These standards might arguably provide guidance to county sheriffs for administrative or disciplinary purposes. However, for the purposes of establishing immunity from legal actions, we do not find them dispositive of, or applicable to, whether or not an employee acts with malice, in bad faith, or recklessly.