# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 740
### MILLERSBURG, W. & O. TEL. CO. v.ETLING
#### No. 775. Decided May, 14, 1924
#### Ohio Appeals, 9th Dist., Wayne County

Motion of Etling for order to certify overruled by Supreme Court. 2 Abs. 690.

**480. EVIDENCE — Photographs properly identified and reasonably true representations are admissible in evidence.**

**1113. STREETS—City's interest in street is qualified fee.**

**1163. TELEGRAPHS AND TELEPHONES —To recover for telephone wires and poles erected along curb of street, egress or ingress or owner's easment must be interfered with to his damage.**

PARDEE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Etling brought an action against the Millersburg, Wooster & Orville Telephone Company to recover damages. In her first cause of action she claimed that the Telephone Co. destroyed the beauty of certain trees in front of her property by cutting limbs therefrom. In her second cause of action she claimed that the Telephone Co. erected poles and extended wires across her premises without her consent. At the trial the defendant offered in defense two photographs of the tree in question by a competent photographer, who testified that the photographs were an exact reproduction of said tree and the surroundings at the time said photographs were taken. The defendant then offered the photographs in evidence for the sole purpose of showing the condition of the tree at the time the photograph was taken, but this was excluded by the court. The jury returned a verdict for the plaintiff in the sum of $120, whereupon defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. When photographs are properly identified and are reasonably true representations of the thing in question, they ought to be admitted in evidence under proper instructions from the court, and the weight to be given them as evidence is to be determined by the jury the same as other competent evidence. As the evidence showed a proper verification of the photographs and that they were accurate representations of the tree at the time they were taken, they were admissible in evidence.

2. A city does not hold an absolute fee in streets, but the interests of the city therein is a determinable and qualified fee in trust for all necessary street uses, subject, however, to the rights of the abutting owners in the street.

3. In order for the plaintiff to recover damages for the erection of poles in front of her property, she must allege and prove that ingress and egress from her property was impaired or that her easement of light, air and view was interfered with to such an extent that the same was unreasonably impaired. As the petition failed to allege this and as the evidence failed to furnish proof of this character, the plaintiff did not prove a cause of action against the defendant in this regard.

Attorneys—C. R. Cary, Millersburg, and Weygandt & Ross, Wooster, for Telephone Co.; Critchfield & Etling, Wooster, for Etling.