Huber, Appellant, *v.* O'Neill; Beres et al., Appellees.

(No. 80-484—Decided April 8, 1981.)

*Lewis A. Zipkin Co., L.P.A., Mr. Lewis A. Zipkin* and *Mr. J.J.P. Corrigan,* for appellant.

*Messrs. Squire, Sanders & Dempsey, Mr. Eben G. Crawford* and *Mr. David R. Perico,* for appellees.

*Per Curiam.* The sole issue in this case is whether, as a matter of law, reasonable minds could only conclude that probable cause existed for Beres' assault and battery charge against Huber.

This court has held in *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215 at 220, that:

"* * * it is uncontestably the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence, if believed, relating to that issue to permit reasonable minds to reach different conclusions on that issue. *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230; *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65, 69; *Biery* v. *Pennsylvania Rd. Co.* (1951), 156 Ohio St. 75; *Belshaw* v. *Agricultural Ins. Co.* (1948), 150 Ohio St. 49; *Bennett* v. *Sinclair Refining Co.* (1944), 144 Ohio St. 139. Conversely, it is also the duty of a trial court to withhold an essential issue from the jury when there *is not* sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. In other words, if all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party. Naturally, if the finding on that one issue disposes of the whole case, a duty arises to grant judgment, upon the whole case. *Peters* v. *B. & F. Transfer Co.* (1966), 7 Ohio St. 2d 143; *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, See, also, *Helms* v. *American Legion, Inc.,* (1966), 5 Ohio St. 2d 60; *Archer* v. *City of Port Clinton* (1966), 6 Ohio St. 2d 74."

This court has also held in paragraphs one and two of the syllabus of *Melanowski* v. *Judy* (1921), 102 Ohio St. 153, as follows:

"1. In an action for malicious prosecution, the want of probable cause is the gist of the action. If such be proven, the legal inference may be drawn that the proceedings were actuated by malice.

"2. In determining the want of probable cause, the defendant's conduct should be weighed in view of his situation and of the facts and circumstances which he knew or was reason-

ably chargeable with knowing at the time he made the criminal complaint."

Moreover, in *Ash* v. *Marlow* (1851), 20 Ohio 119, paragraph one of the syllabus, this court held that:

" 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged,' is good definition of the term 'probable cause.' "

In this case, the record shows that a cautious person could only conclude that probable cause existed for Beres' assault and battery charge against Huber. For instance, Beres, prior to the filing of the charge, reviewed a photograph which could be interpreted as showing appellant striking O'Neill in the ribs from behind, and another photograph showing him in a fighting pose while glaring at O'Neill. Further, Beres secured an affidavit from O'Neill describing the incident, and personally discussed the matter with O'Neill and at least five other witnesses to confirm their statements.

In addition, Huber admitted he struck O'Neill, and the jury rejected the claim for assault and battery, relying, of course, on a different burden of proof. It is reiterated that the not guilty verdict by the jury was not determinative of probable cause since a lesser degree of proof is required to establish probable cause than to show guilt beyond a reasonable doubt. In any event, as a matter of law, Beres had sufficient facts which would warrant a cautious person to only conclude that probable cause existed for the assault and battery charge against Huber.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, HOLMES and REILLY, JJ., concur.

W. BROWN and KERNS, JJ., dissent.

KERNS, J., of the Second Appellate District, sitting for LOCHER, J.

REILLY, J., of the Tenth Appellate District, sitting for C. BROWN, J.

WILLIAM B. BROWN, J., dissenting. I respectfully dissent. In my judgment, reasonable minds could arrive at different conclusions as to whether probable cause existed for an assault and battery charge against Huber, and the trial court correctly submitted that issue to the jury. See *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, and cases cited therein.

Based on the evidence presented, the jury could have reasonably determined that Beres had not made a sufficient investigation when he swore out a warrant. The photographs relied on by Beres are subject to a myriad of interpretations. The angle of the camera, the time lapse between photographs, and the events which occurred before and after each photograph are pertinent factors in interpreting the photographs. The weight to be given photographs is to be determined by the jury. *Millersburg, W. & O. Tel. Co.* v. *Etling* (1924), 2 Ohio Law Abs. 710; see, also, 32A Corpus Juris Secundum 86, Evidence, Section 771.

In addition, neither the affidavit of O'Neill nor those of the other supervisors specifically stated that Huber struck the first blow. Beres relied solely on the statements of management personnel, and at no time did Beres ask Huber or his fellow workers any questions regarding the incident. Huber, who had been an employee for nine years, was not given an opportunity to deny or contradict the allegations against him. (See, generally, *Darling & Co.* v. *Medley* [C.A. 6, 1950], 185 F. 2d 835.)

In ruling upon a motion for a judgment notwithstanding the verdict, the evidence must be construed most strongly in favor of the party against whom the motion is made, and neither the weight of the evidence nor the credibility of the witnesses is to be considered. *Ayers* v. *Woodard* (1957), 166 Ohio St. 138, paragraph two of the syllabus. Considering the evidence most favorably toward the appellant, I find sufficient evidence in the record relative to the issue of probable cause for issuance of the warrant to raise a factual question for determination by the jury.

KERNS, J., concurs in the foregoing dissenting opinion.