THYEN et al., Appellants,

v.

McKEE et al., Appellees.

[Cite as *Thyen v. McKee* (1990), 66 Ohio App.3d 313.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880713.

Decided March 7, 1990.

*Richard L. Hurchanik,* for appellants.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Dennis A. Liggett,* for appellees Greg McKee, James Craycroft and Cincinnati Technical College.

*Richard Castellini,* City Solicitor, and *Julie F. Bissinger,* for appellee Joe Lind.

*Per Curiam.*

Plaintiffs-appellants, Bernard J. and Tammy L. Thyen, filed a complaint against defendants-appellees, Greg McKee, James Craycroft, Joe Lind and Cincinnati Technical College, for false arrest, defamation and malicious prosecution. The trial court granted the defendants' motions for summary judgment, and the plaintiffs appealed.

On appeal, the plaintiffs contend that the trial court erred in granting summary judgment on behalf of the defendants. We find no error and, therefore, affirm the judgment of the trial court.

Bernard Thyen, a student at Bethesda School of Nursing, parked his automobile on the property of Cincinnati Technical College while he attended classes. Craycroft, a campus security officer at the college, placed an immobilizing device, referred to as a "rhino," on Bernard's car as a result of Bernard's failure to pay the fines for four parking violations on campus. Upon returning from his classes, Bernard removed the rhino from his car. Craycroft and McKee observed Bernard's actions, and they confronted him. They then sought assistance from the Cincinnati Police Department. Cincinnati Police Officer Lind responded and arrested Bernard for theft.

Bernard was tried and acquitted on the theft charge. He then filed the instant action.

The plaintiffs raise three assignments of error on appeal as follows:

"The trial court erred when it granted defendants' motion for summary judgment because defendants' [*sic*] violated the law.

"The trial court erred when it granted defendants' motion for summary judgment because the defendants were acting under color of state law in an attempt to illegally collect a debt they felt plaintiff owed them thus violating 42 USC § 1983.

"The trial court erred when it granted defendants' motion for summary judgment because the defendants defamed plaintiff and called him a thief when they knew he was merely removing a disabling device they caused to be illegally placed on his vehicle."

We discuss these assignments of error jointly.

Cincinnati Technical College is a political subdivision organized and operated under the provisions of R.C. Chapter 3357. See R.C. 3357.04. Its board of trustees may prescribe rules for the effective operation of the college, and may exercise such other powers as are necessary for the efficient management of the college, including designating certain employees as "state university law enforcement officers." R.C. 3357.09. R.C. 3345.21 further provides that the board of trustees "shall regulate the use of the grounds, buildings, equipment, and facilities of such college or university and the conduct of the students, staff, faculty, and visitors to the campus so that law and order are maintained" by adopting rules available to "all faculty, staff, visitors, and students," and by enforcing those rules.

The parking regulations of Cincinnati Technical College are set forth in the student catalogue and handbook, displayed on signs around the campus, and

included in handouts and notices disseminated to those on the school's property. These notices provide that repeated parking violations will cause the college to have automobiles towed away, impounded or immobilized.

R.C. 2744.03 provides that a political subdivision and employees of a political subdivision are "immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." This immunity is applicable in a "civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function."

Craycroft and McKee, as employees of the political subdivision Cincinnati Technical College, acted in a manner designed to enforce the rules adopted by the school. The plaintiffs' alleged injuries arose from this conduct, which was within the discretion of the school's law enforcement officers to maintain law and order on the school's property. Therefore, Cincinnati Technical College, Craycroft and McKee are immune from liability for damages caused by their conduct toward Bernard under R.C. 2744.03. Accordingly, we find that the trial court properly granted summary judgment on behalf of these defendants.

■ The plaintiffs' complaint against Lind is grounded on theories of malicious prosecution, false arrest and defamation. To establish a malicious-prosecution cause of action, the plaintiff must show a malicious institution of prior proceedings against the plaintiff by defendant; lack of probable cause for the filing of the prior proceedings; termination of the prior proceedings in the plaintiff's favor; and seizure of the plaintiff's person or property during the course of the prior proceedings. *Fritts v. Entenmann's, Inc.* (Oct. 27, 1988), Cuyahoga App. No. 54373, unreported, 1988 WL 114494. A claim of false arrest or false imprisonment requires proof that the plaintiff was confined intentionally; without lawful privilege; against the plaintiff's consent; and within a limited area for any appreciable amount of time. *Id.*

■ The plaintiffs here failed to present any evidence indicating that Lind lacked probable cause to arrest and prosecute Bernard.

Upon arriving at the scene, Lind was informed by Craycroft and McKee that they had observed Bernard remove a tire from his car in an effort to take the rhino off the tire, and that a rhino previously placed on the same car had been taken and the car driven off. Bernard admitted that he had been

attempting to remove the rhino. Lind then arrested Bernard on a theft charge.

"Probable cause" is defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Huber v. O'Neill* (1981), 66 Ohio St.2d 28, 20 O.O.3d 17, 419 N.E.2d 10. Lind had probable cause to arrest Bernard for theft based on the statements made to him by Craycroft and McKee that Bernard had been removing the rhino from his tire and that a rhino placed on the same car previously had disappeared.

Reviewing the facts in a light most favorable to the plaintiffs, we find that reasonable minds could only conclude that Lind had probable cause to arrest and prosecute Bernard for theft. Since no genuine issue of material fact remains to be litigated in this respect, we conclude that summary judgment was properly granted for Lind on the claims of malicious prosecution and false arrest. See *Finn v. Amelia* (Mar. 27, 1989), Clermont App. No. CA88-10-073, unreported, 1989 WL 27770.

The plaintiffs also claim that Lind defamed them when he called Bernard a thief. We hold that, as a matter of law, the plaintiffs have failed to raise any issue of fact or law with respect to this claim because allegedly defamatory statements made during a criminal proceeding are absolutely immune from civil liability. See *Fritts, supra.*

The trial court properly granted summary judgment on behalf of the defendants. The plaintiffs' assignments of error are, therefore, overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and UTZ, JJ., concur.