DECISION AND JUDGMENT ENTRY
This is an appeal from the Chillicothe Municipal Court, which convicted the appellant, Amanda Parks Gibson, of driving with a prohibited alcohol concentration in her breath, in violation of R.C. 4511.19(B)(2). The appellant raises a single assignment of error:
"The court below erred in overruling the Appellant's Motion to Suppress."
We conclude that the arresting officer had probable cause to believe that the appellant's breath-alcohol level exceeded the legal limit at the moment of the arrest. Accordingly, we affirm.
 I.
Just after 2 a.m. on June 8, 1999, Sergeant Gary Allen of the Ohio State Highway Patrol observed the appellant's vehicle traveling eastbound on U.S. Route 50 with a broken taillight. Sgt. Allen pulled the appellant over for an equipment violation and approached the vehicle. When Sgt. Allen walked up to the car, he detected an odor of an alcoholic beverage and asked the appellant to get out of the car. When the appellant complied with this request, Sgt. Allen noticed that an alcoholic odor came from the appellant's breath.
Based on these observations, Sgt. Allen asked the appellant to perform a series of field sobriety tests ("FST's"). One of these, the horizontal gaze nystagmus ("HGN") test, revealed four out of a possible six "clues" suggestive of being under the influence of alcohol. The sergeant also asked the appellant to perform a series of coordination tests. Sgt. Allen found the appellant's performance unsatisfactory and arrested her for DUI. A breathalyzer test administered after the arrest showed that the appellant had a concentration of .037 grams of alcohol per 210 liters of breath. Because the appellant was eighteen years old at the time of her arrest, her breath-alcohol level exceeded the legal limit by .017 grams. See R.C. 4511.19(B)(2).[1]
The appellant was charged with operating a motor vehicle with a prohibited breath-alcohol concentration, in violation of R.C.4511.19(B)(2). She pleaded not guilty and filed a motion to suppress the results of her breath-alcohol test. The appellant argued that Sgt. Allen lacked probable cause to arrest her because he had no basis to conclude that she was driving with a prohibited alcohol concentration in her breath. After the trial court overruled her motion, the appellant changed her plea to no contest. The trial court found the appellant guilty for the charged offense, fined her $100, and imposed a twenty-one day suspended jail sentence. The appellant then commenced this appeal.
 II.
In her lone assignment of error, the appellant argues that the trial court should have granted her motion to suppress the results of her breath-alcohol test. When reviewing a trial court's decision on a motion to suppress, we are presented with a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328,332. The trial court acts as the trier of fact when deciding the motion and is therefore in the best position to resolve questions of fact and evaluate witness credibility. Statev. Brooks (1996), 75 Ohio St.3d 148, 154. As a reviewing court, we will defer to the trial court's findings of fact so long as they are supported by competent, credible evidence. State v.Medcalf (1996), 111 Ohio App.3d 142, 145; State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. We must then independently determine, i.e. without deference to the trial court's decision, whether the trial court properly applied the substantive law to those facts. Medcalf, 111 Ohio App.3d at 145-46; see, also, Statev. Klein (1991), 73 Ohio App.3d 486, 488.
The only issue before us is whether Sgt. Allen had probable cause to arrest the appellant for violating R.C. 4511.19(B)(2). An arrest is not valid unless the arresting officer has probable cause to believe that the arrestee has committed a crime. SeeState v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. An officer has probable cause for an arrest when the officer has a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a person of reasonable caution in the belief that an individual is guilty of the charged offense. Huber v. O'Neill (1981), 66 Ohio St.2d 28,30; see, also, Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 13 L.Ed.2d 142. Thus, Sgt. Allen had probable cause to arrest the appellant if the totality of facts and circumstances known to him at the time of the arrest would warrant a prudent person in believing that the appellant violated R.C. 4511.19.State v. Medcalf, supra, 111 Ohio App.3d at 147. The arrest will be valid so long as it is supported by the arresting officer's observations indicating (1) alcohol consumption, and (2) operation of a motor vehicle while under the influence or with an alcohol level in excess of the relevant statutory limits. See id.
at 147-48, and State v. Ousley (Sept. 20, 1999), Ross App. No. 99CA2476, unreported.
The appellant was arrested for violating R.C. 4511.19(B)(2) by exceeding the per se breath-alcohol level of intoxication for persons under twenty-one years of age. The appellant concedes that Sgt. Allen's observations suggested the presence of alcohol in her system. She insists, however, that the observations didnot suggest a breath-alcohol concentration that exceeded .02 grams per 210 liters. See State v. Taylor (1981), 3 Ohio App.3d 197,198 (noting that the law prohibits drunken driving, not merely driving after a drink). The appellant contends that there "must be other indications that the person will test over the perse limit, such as bloodshot eyes, slurred speech, lack of coordination, etc." Because none of these "other indications" existed when she was arrested, the appellant argues that Sgt. Allen lacked probable cause to arrest her. We do not agree with the appellant's position.
The appellant is incorrect in her assertion that certain indicia of alcohol impairment are necessary before an officer has probable cause to arrest an individual for exceeding a per se
alcohol limitation. To arrest a suspect for driving with a prohibited alcohol concentration in his/her breath, "the officer need only have probable cause to believe that the suspect was operating a motor vehicle while his/her breath alcohol content exceeds the per se limit." State v. Ousley, supra, at 5; see, also, State v. Downard (Dec. 19, 1997), Washington App. No. 97CA24, unreported. While law enforcement officers often use various coordination tests to assess whether an individual's alcohol consumption exceeds the per se level of intoxication, observation of impaired motor skills is not a prerequisite to a lawful arrest for driving with a prohibited breath-alcohol content. Ousley at 5. Thus, an officer who has a reasonable belief that a driver has consumed alcohol "can satisfy the remaining requirements for probable cause [for a per se
violation] by other means." Id. see, also, Downard, supra.[2]
In this case, we find that the totality of the facts and circumstances existing at the moment Sgt. Allen arrested the appellant indicate probable cause. Significantly, the appellant does not challenge any of the factual findings made by the trial court in deciding the motion to suppress. Among these findings was the appellant's unsatisfactory performance on the FST's. Sgt. Allen performed the HGN test and observed four (out of a possible six) "clues" suggestive of being under the influence of alcohol. The HGN test is a reliable indicator of a person's blood-alcohol level, with a score of four or more points indicating a breath-alcohol level above the legal limit. State v. Bresson (1990),51 Ohio St.3d 123, 126. Moreover, Sgt. Allen testified that the appellant did not perform well on the coordination tests he administered.[3] These facts provided strong indicators that the appellant's breath-alcohol level exceeded the per se limit. Cf. State v. Moore (June 29, 1999), Lawrence App. No. 98CA44, unreported (finding probable cause for per se DUI arrest when suspect showed four of six clues on HGN test, stumbled during a coordination test, and had result over per se limit on PBT)
We also note that the appellant was only eighteen years old at the time of her arrest. Because she was under twenty-one years of age, the appellant was violating R.C. 4511.19(B)(2) if her breath-alcohol content was .02 grams per 210 liters of breath. This level is one-fifth that of the legal limit for persons twenty-one years of age or older. See R.C. 4511.19(A)(3). Because the per se limit for a R.C. 4511.19(B)(2) violation is so minimal, an officer may have probable cause to arrest a person under twenty-one years of age based on more "subtle" factors than traditional indicia of probable cause for adult drivers. SeeState v. Stidham (Mar. 27, 1998), Logan App. No. 8-97-34, unreported. In other words, "the facts which constitute probable cause to arrest an underage [drinker-]driver are different from the facts necessary to constitute probable cause for an adult [drinker-] driver." Id. See, also, Painter and Looker, Ohio Driving Under the Influence Law (1999 Ed.) 156, Section T11.30. Given the minimal breath-alcohol level necessary to constitute a violation of R.C. 4511.19(B)(2), coupled with the appellant's performance on the FST's, we agree with the trial court that Sgt. Allen had probable cause to arrest the appellant. We therefore overrule the appellant's assignment of error.
The judgment of the Chillicothe Municipal Court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. ABELE, J., Concur in Judgment and Opinion.
 _________________________ HARSHA, Judge
[1] R.C. 4511.19(B)(2) prohibits a person under twenty-one years of age from operating a vehicle "if * * * [t]he person has a concentration of at least two-hundredths of one gram but less than ten-hundredths of one gram by weight of alcohol per two hundred ten liters of his breath." Compare R.C. 4511.19(A)(3) (prohibiting all persons from operating a vehicle with alcohol concentration of ten-hundredths of one gram per 210 liters of breath).
[2] The standard is different, of course, if the officer arrests an individual for operating a vehicle while "under the influence of alcohol" under R.C. 4511.19(A)(1). If an arrest is based upon R.C. 4511.19(A)(1), an officer must observe indicia of both alcohol consumption and impaired driving or coordination before there will be probable cause for an arrest. State v.Ousley, supra, at 5; see, also, State v. Hughart (Feb. 23, 1990), Gallia App. No. 88CA21, unreported.
[3] The record also indicates that Sgt. Allen administered a portable breath test ("PET") before arresting the appellant. The PET revealed a probable breath-alcohol content of .03 grams per 210 liters of breath, we have previously considered a PET result as a valid factor upon which to base probable cause. See State v.Moore (June 29, 1999), Lawrence App. No. 98CA44, unreported. During the motion to suppress, however, the trial court sustained the appellant's objection to Sgt. Allen's testimony concerning the PBT result. Thus, the trial court did not consider the PBT in deciding the appellant's motion. Because the state has not filed a cross-appeal or raised a cross-assignment of error concerning the PET results, we do not consider the propriety of the court's decision to sustain the appellant's objection. See State v.Ousley, supra, at fn. 2.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.