I respectfully dissent from the decision of the majority.
When they arrested Plaintiff-Appellant Quartman, on their own authority and without a judicial warrant, Defendants-Appellees set in motion a process that resulted in his prosecution and eventual acquittal. That outcome was reached after he spent approximately six months in jail and had endured the attendant disruptions of his life. Plaintiff-Appellant has an actionable claim for malicious prosecution if he can prove that Defendants-Appellees acted maliciously and without probable cause. Trussell v. General Motors Corp. (1990), 53 Ohio St.3d 142 . The trial court granted Defendants-Appellees' Civ.R. 56 motion for summary judgment on a finding that reasonable minds could not conclude that probable cause was lacking.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326.
"Probable cause" is not some cause. Rather, it is "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30. The probable cause requirement is imposed by the Fourth Amendment to the Constitution of the United States and by Article I, Section 14 of the Ohio Constitution. "Its protection consists in requiring that those inferences (of criminal activity) be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States (1948), 333 U.S. 10, 13-14.
Seizing on the facts concerning his alibi, the victim's medical condition, and her motive to lie, Plaintiff-Appellant Quartman argued in the trial court, as he argues here, that those matters so undermined the story the alleged victim told the officers on September 16, 1998 that their arrest of him on that date lacked probable cause. The trial court found that those matters were revealed to the officers only after they had arrested Quartman, within one day to a week thereafter. The court then stated:
 "Thus, this information cannot be used to refute Defendants' probable cause determination. Plaintiff has offered no other evidence that was actually known or within the contemplation of the Defendants on September 16, 1998, the date of Plaintiff's arrest, as held in McFinley and Melanowski.** Therefore, reasonable minds could only conclude that probable cause existed at the time of Plaintiff's arrest because the facts and circumstances that were actually known to or reasonably within the contemplation of Defendants at the time of Plaintiff's arrest would warrant a cautious man in the belief that the person accused — the Plaintiff — was guilty of a criminal offense. Accordingly, no genuine issue of material fact exists, making summary judgment appropriate on this issue."
(Decision, Order and Entry, January 3, 2001, at pp. 8-9.)
I agree that these subsequent revelations cannot affect the facts and circumstances which were before the Defendant-Appellees when they arrested Quartman and whether those facts and circumstances constituted probable cause for his arrest. The trial court's analysis of the issue presents a possible violation of the rule of Dresher v. Burt (1996),75 Ohio St.3d 280, however, by suggesting that Plaintiff-Appellant's failure to offer other evidence contradicting the facts on which Defendants-Appellees relied warrants summary judgment. Quartman was entitled to rely on the same facts in opposing the motion for summary judgment. Id. In order to grant the motion, the court had to find that those same facts, evaluated on the standard that Civ.R. 56 prescribes, demonstrate that no genuine issue of material fact exists concerning whether probable cause for Quartman's arrest was lacking.
The trial court did not discuss how the facts and circumstances which were before the officers constituted probable cause. It appears that the court adopted Defendants-Appellees' contentions that the alleged victim had "provided Defendants with sufficient and specific information such as time of year, specific dates, type of lotion applied to Plaintiff's penis, knowledge of sexual positions and knowledge of male sexual fluids, justifying a cautious person in believing (her) allegations of sexual abuse." (Decision, Order and Entry, p. 6.) Whether a "cautious" person would find that justification presents a question of fact.
George Orwell wrote that "[p]olitical language . . . is designed to make lies sound truthful and murder respectable, and to give an appearance of solidity to pure wind." (Orwell, Politics, and the English Language, 1946). The same may be said of elaboration. It can be employed to induce belief, especially in persons who are disposed to believe because they are particularly credulous to the deceit involved. Probable cause employs a different, objective standard, asking whether a cautious person would be warranted in believing the claim. To that end, there must be circumstances "sufficiently strong in themselves," which support the claim. Huber v. O'Neill, supra.
The circumstances prong of the probable cause test discourages an arrest or prosecution of an accused by a law enforcement officer merely because the officer concludes the accuser is credible. It requires the existence of some corroborative fact or circumstance that supports the accusation. That fact or circumstance may be slight, but it is not dispensed with merely because the officer judges the accuser to be truthful.
Other than the victim's claim that the acts in which she was forced by Quartman to engage took place in their home, which was itself uncorroborated, nothing in the circumstances that the alleged victim related to the officers connects Quartman, as opposed to any other male capable of sexual relations, with the events she described. Indeed, nothing shows that those events ever occurred. Yet, the victim alleged that they took place under her mother's nose, up to twenty times a month over a period of several years. Terrible as they were, the events alleged could have as readily been untrue as true.
By seizing on the subsequent revelations that tended to undermine the victim's story, Plaintiff-Appellant may have diverted the trial court from the central question presented by the probable cause issue, which was whether a cautious person would have believed that the victim's uncorroborated claims were true and arrested Quartman because of them. The narrower issue that Defendant's motion for summary judgment presented was whether there was a genuine issue of material fact in that regard. I believe that there is, on the standards of analysis that Civ.R. 56 prescribes, and that the trial court erred when it held otherwise.
As a result of the trial court's holding, Quartman has no legal recourse or remedy for the six months he spent in jail before he was released and the other disruptions of his life, all of which appear to have flowed from the decision of the officers to arrest Quartman on their own authority instead of immediately referring the matter to Montgomery County Children's Services and to a prosecutor for grand jury presentation. Those alternatives were readily available to the officers, and had the capacity of protecting the alleged victim from any further danger that Quartman might present. Defendants-Appellees' failure to pursue those alternatives does not necessarily demonstrate the other prong of a malicious prosecution claim, that they acted maliciously. However, it exposed them to a finding that they arrested Quartman without probable cause, a finding which could reasonably be made on this record. Therefore, the trial court erred when it granted summary judgment for Defendants-Appellees on their motion.
I would reverse and remand.
** McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613; Melanowski v. Judy (1921), 102 Ohio St. 153.