DECISION.
The city of Cincinnati appeals from the judgment of the trial court granting defendant-appellee Glenn Wolfe's motion to suppress evidence.
At approximately 2:30 a.m., on March 6, 2001, while on patrol, Cincinnati Police Officer Thomas Stanton received a radio broadcast that two white men were walking away from the scene of an accident on Madison Road. As Officer Stanton drove down Drakewood Avenue, approximately half a block from the accident scene, he saw Wolfe and his friend walking away from the accident scene.
Officer Stanton got out of his car and told Wolfe that he needed to speak to him. Wolfe responded that he "figured you guys were looking for me." At the time, Officer Stanton noticed a mild odor of alcohol about Wolfe and that his eyes were somewhat watery and bloodshot. When Officer Stanton asked about what had happened, Wolfe admitted that he had been driving the wrecked car and said, "I guess we were involved in an accident." When asked where he had been earlier, Wolfe responded that he had been at Animations Bar, and that he had just left the premises. Wolfe admitted that he had drunk three to four beers at the bar.
At that time, Officer Stanton told Wolfe that they needed to go back to the scene of the accident. Wolfe responded, "No problem." So Officer Stanton patted him down, handcuffed him, and placed Wolfe in the rear of his police cruiser. Officer Stanton then drove Wolfe to the accident scene, where he administered field sobriety tests. As a result of his observations and Wolfe's performance on the field sobriety tests, Officer Stanton told Wolfe that he was under arrest for driving under the influence and advised Wolfe of his rights pursuant to Miranda v.Arizona.[1]
Wolfe filed a motion to suppress evidence. After a hearing, the trial court found that Wolfe was arrested at the time he was handcuffed and placed in the police cruiser. The court concluded that, at the time of the arrest, the police did not have probable cause. On this basis, the trial court granted the motion to suppress.
On appeal, the city's two assignments of error allege that the trial court erred in granting the motion to suppress. At oral argument before this court, the city conceded that the trial court was correct in its determination that Wolfe was under arrest when he was handcuffed and placed in the cruiser. But the city argues that the trial court erred in concluding that the police officers lacked probable cause to arrest Wolfe at the time. We agree.
The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that the defendant is committing or has committed an offense.[2] Review of the trial court's findings of fact and conclusions of law entails a two-step inquiry. First, this court must review the trial court's findings of historical fact only for clear error, "giving due weight to inferences drawn from those facts" by the trial court.[3] Next, accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. In this case, the de novo determination is "whether [the] historical facts, viewed from the standpoint of an objectively reasonable police officer, amount[ed] to" probable cause.[4]
In State v. Homan, supra, the Supreme Court of Ohio held that while field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. "The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests [have been] administered or where * * * the test results must be excluded for lack of strict compliance."[5]
In Homan, the court held that even though the police officer had not strictly complied with established police procedure when administering the HGN and walk-and-turn tests, the officer's observations of erratic driving; the driver's red and glassy eyes; the smell of alcohol on the driver's breath; and the driver's admission of consumption of alcoholic beverages amply supported the officer's decision to place the driver under arrest.[6] In the present case, we hold that the trial court's determination that Wolfe was arrested without probable cause was contrary to law.[7]
The record demonstrates that Wolfe admitted that he had been driving the car that had been in the accident. Upon stopping Wolfe, Officer Stanton noticed Wolfe's bloodshot and watery eyes, as well as an odor of alcohol about him. Furthermore, Wolfe admitted that he had consumed three to four beers at the bar that he and his friend had just left. Taken together, as a matter of law, these facts and circumstances provided a prudent officer with probable cause to arrest Wolfe for operating a motor vehicle while under the influence of alcohol.[8]
Accordingly, we sustain both assignments of error, reverse the judgment of the trial court, and remand this cause for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
Doan, P.J., and Hildebrandt, J., concur.
[1] (1966), 384 U.S. 436, 86 S.Ct. 1602.
[2] See State v. Heston (1972), 29 Ohio St.2d 152, 155-156,280 N.E.2d 376, 379, citing Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 225; Huber v. O'Neill (1981), 66 Ohio St.2d 28,419 N.E.2d 10.
[3] Ornelas v. United States (1996), 517 U.S. 690, 699,116 S.Ct. 1657, 1663; State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972,982; State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of syllabus.
[4] See Ornelas, supra, at 696, 116 S.Ct. at 1661-1662.
[5] Homan, supra, at 427; 732 N.E.2d at 957.
[6] Id. at 427, 732 N.E.2d at 957-958.
[7] See id.; Cincinnati v. Sims (Oct. 26, 2001), Hamilton App. Nos. C-010178 and C-010179, unreported.
[8] See, e.g., Homan, supra; see, also, State v. Sims, supra (evidence of erratic driving, strong odor of alcohol, bloodshot and watery eyes, and admission of alcohol consumption provided probable cause to arrest);State v. Tonne (Sept. 24, 1999), Hamilton App. No. C-980710, unreported (evidence of odor of alcohol, empty beer cans scattered throughout car, red and watery eyes, and swaying while adequately performing field tests provided probable cause to arrest); Cincinnati v. Jacobs (Dec. 21, 2001), Hamilton App. Nos. C-010279, C-010280, and C-010281, unreported (evidence of failure to signal when leaving curb, driver's red and glassy eyes, odor of alcohol on driver's breath, and driver's repeated fumbling in his wallet for his license provided probable cause to arrest).