OPINION
{¶ 1} Defendant-appellant Darled L. Keith, Jr. appeals the January 9, 2002 Judgment Entry of the Cambridge Municipal Court which found appellant guilty of DUI, and the October 9, 2001 Judgment Entry which overruled appellant's objections to the magistrate's Decision which denied appellant's motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On June 8, 2001, at approximately 1:00 a.m., Trooper Mills of the Ohio State Highway Patrol was on duty near the intersection of U.S. 40 in Byesville Road. Trooper Mills was behind appellant as appellant made a right hand turn. At the time, appellant was operating a duely pickup truck, meaning the vehicle had duaI wheels on the back of the truck. As appellant made his right hand turn, Trooper Mills observed both of the wheels in the rear to be left of center and appellant's front tire was also left of center. Trooper Mills also observed appellant make a right hand turn and then go left of center into the left hand lane. Shortly thereafter, Trooper Mills observed appellant's vehicle come back across the lane and go over the right fog line. Trooper Mills continued to follow appellant and then observe appellant go left of center again. At this time, Trooper Mills initiated a stop of appellant's vehicle. At the suppression hearing, Trooper Mills testified he observed appellant's driving in an area between 1/4 of a mile and ½ half a mile.
 {¶ 3} When Trooper Mills approached appellant's vehicle and began to talk to him, he noticed appellant's eyes were bloodshot and glassy and appellant had a strong odor of alcohol on his breath. Appellant was completely cooperative and stepped out of his vehicle to remove his driver's license from his rear pocket. Trooper Mills testified when appellant reached into his rear pocket, he "kind of fell over and like into the back, in the back of the truck." Tr. at 8. Trooper Mills asked appellant how much alcohol he had consumed.
 {¶ 4} Appellant first responded he had a couple and then told the officer he had four or five beers. Appellant informed the officer he could not perform field sobriety tests because he suffered from muscular dystrophy.
 {¶ 5} Trooper Mills performed the horizontal gaze nystagmus test which resulted in six clues and indicating intoxication. Further, appellant's scored .15 on the portable breath
 {¶ 6} test. At that time, the officer charged appellant with operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (A)(3), driving left of center, in violation of RC4511.25, and a seatbelt violation, in violation of RC 4513.263.
 {¶ 7} On June 11, 2001, appellant filed a motion to suppress evidence. This motion challenged the reasonable and articulable suspicion to stop appellant's vehicle and the lack of probable cause to arrest appellant. The motion was heard by the magistrate on August 14, 2001. Appellant presented no evidence and the videotape of the stop and arrest was admitted into evidence.
 {¶ 8} On August 23, 2001, the magistrate denied appellant's motion. The magistrate specifically cited the trooper's observation appellant's vehicle had gone left of center two times, the fact the trooper observed a strong odor of alcohol upon appellant, and that his eyes were bloodshot and glassy. Further, the magistrate noted appellant had admitted to drinking five beers. The magistrate also cited the results of the horizontal gaze nystagmus test and the breath test. Appellant filed objections which were overruled by the trial court in a Judgment Entry of October 9, 2001. On January 8, 2002, appellant appeared before the magistrate and withdrew his plea of not guilty and entered a plea of no contest. In a January 9, 2002 Judgment Entry, the trial court found appellant guilty of DUI, in violation of R.C. 4511.19(A)(1). The remaining charges were dismissed at the request of the prosecutor. The trial court sentenced appellant to ten days in jail and fined him the sum of $550 plus costs. Further, the trial court suspended appellant's license for twelve months and placed appellant on supervised probation for a term of twelve months. The trial court also permitted appellant to attend an alternate offender program for seventy-two hours in lieu of three jail days. It is from this judgment entry, and the August 24, 2001 Judgment Entry appellant prosecutes his appeal, assigning the following error for our review:
 {¶ 9} "I. The trial court erred in denying appellant's motion to suppress because, at the time of appellant's arrest, there were insufficient facts within the knowledge of the arresting officer to establish probable cause to arrest appellant for DUI."
 I. {¶ 10} In appellant's sole assignment of error, he maintains the trial court erred in denying his motion to suppress because the trooper had insufficient facts to establish probable cause to arrest him for DUI. Specifically, appellant contends the HGN test did not constrictly comply with standardized testing procedures, the trooper did not observe erratic driving, and the portable breath test should have been excluded because the trooper did not identify the type of portable breath test instrument he had used.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 114; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; andState v. Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S. (1996), 517 U.S. 690 116 S.Ct. 1657, 134 L.E2d 911 ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 12} "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v.Medcalf (1966), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268 (citing Huberv. ONeill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10). In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id. (citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142). In determining whether probable cause exists, a court must look at the totality of the circumstances. Medcalf, supra.
 {¶ 13} Probable cause to arrest a suspect for driving while under the influence of alcohol may exist without consideration of field sobriety tests. In State v. Homan (2000), 89 Ohio St.3d 421, 427,2000-Ohio-212, 732 N.E.2d 952, the Ohio Supreme Court excluded the results of field sobriety tests administered to a suspect. The Homan Court went on to find, even without the results of the field sobriety tests, probable cause existed to support the arrest of the suspect, when the totality of the circumstances was considered. In Homan, the facts which supported a finding of probable cause were: red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol.
 {¶ 14} In its brief to this Court, appellee conceded the portable breath test was inappropriately considered by the magistrate. Further, at oral argument, appellee conceded the magistrate's consideration of HGN test was also improper as the test was not conducted in strict compliance with testing regulations.
 {¶ 15} Accordingly, the question before this Court is whether probable cause existed to arrest appellant for DUI where appellant had driven across the center line two times, driven across the right fog line, had glassy bloodshot eyes, a strong odor of alcohol, and had admitted to the consumption of five beers. We find that evidence is sufficient to establish probable cause for arrest for DUL. Homan, supra.
 {¶ 16} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 17} The January 9, 2002 Judgment Entry of the Cambridge Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
Topic: probable cause DUI.