OPINION
{¶ 1} Defendant-appellant Raymond Desjarlais appeals from the denial by the Cambridge Municipal Court of his Motion to Suppress.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 16, 2001, appellant was arrested for operating a motor vehicle under the influence of alcohol in violation of R.C.4511.19(A)(1) and (A)(3). The citation issued to appellant indicated that it was his third DUI offense. At his arraignment on November 21, 2001, appellant entered a plea of not guilty to the charge.
 {¶ 3} Subsequently, on January 7, 2002, appellant filed a Motion to Suppress, arguing that "his warrantless arrest and seizure of his person by law enforcement officers violated her (sic) constitutional rights to be free from a warrantless search without probable cause" Thereafter, a suppression hearing before a Magistrate commenced on March 12, 2002.[1] The following evidence was adduced at the suppression hearing.
 {¶ 4} On November 16, 2001 at approximately 6:28 p.m., Trooper Bailey of the Ohio State Highway Patrol was dispatched to the scene of a motorcycle accident on Conquer Hill Road in Guernsey County, Ohio. A witness at the scene told the Trooper that the motorcycle driver had gotten into a small brown pickup truck and that the occupants of the truck, who the witness said appeared to be intoxicated, were en route to Kipling to get some rope to tow the motorcycle. Trooper Bailey conveyed this information to Sergeant David VanBuren of the Ohio State Highway Patrol.
 {¶ 5} Sergeant VanBuren, who was in uniform in a marked cruiser, subsequently observed a small brown pickup truck matching the description "going Westbound on Conquer Hill Road." Transcript at 6. After radioing Trooper Bailey that the truck was headed in the Trooper's direction, Sergeant VanBuren turned around and attempted to catch up to the truck. As the Sergeant was approaching the accident scene, the truck came to a stop. Trooper Bailey then approached the driver's side of the truck and spoke with the three occupants of the truck.
 {¶ 6} Appellant was the operator of the pickup truck. As appellant exited the truck, Sergeant VanBuren noticed that appellant "took a step backwards for, to, to get his balance. And he stood there just to make sure that it was, he was looking like he was unsure of his balance." Transcript at 7. When the Sergeant spoke with appellant, he observed a "very strong odor of an alcoholic beverage about his breath and person." Transcript at 7. The Sergeant also noticed that appellant, at times, was using his hand to steady himself against the pickup truck and that appellant rested against the tailgate at one point. According to the Sergeant, appellant's moves "were slow and deliberate." Transcript at 7. When asked by the Sergeant how much he had been drinking, appellant "said approximately five beers." Transcript at 7. Appellant indicated that he had been at the Kipling VFW.
 {¶ 7} During the suppression hearing, Sergeant VanBuren testified that he performed a horizontal gaze nystagmus (HGN) test on appellant and "got six clues." Transcript at 8. However, the Sergeant did not perform any other field sobriety tests because of the steep incline where the accident had occurred. After performing the HGN test, the Sergeant arrested appellant for operating a motor vehicle under the influence of alcohol.
 {¶ 8} Pursuant to a decision filed on May 7, 2002, the Magistrate found that Sergeant VanBuren had probable cause to arrest appellant for DUI. Appellant filed objections to the Magistrate's Decision on May 10, 2002. As memorialized in a Judgment Entry filed on June 18, 2002, the trial court overruled the objections and adopted the Magistrate's Decision. The trial court, in its June 18, 2002, Judgment Entry, stated, in relevant part, as follows:
 {¶ 9} "The transcript reveals that there was sufficient credible evidence to cause a reasonable person to believe that the offense of driving under the influence of alcohol had been committed;"
 {¶ 10} "The fact that other field sobriety tests were conducted once the Defendant had been arrested and taken to the patrol does not detract from the evidence indicating probable cause that was gathered at the scene of the contact between the Defendant and Sgt. Van Buren of the Highway Patrol. In this Court's opinion, even assuming arguendo, that the horizontal gaze nystagmus test was not administered in a proper way, there would still be sufficient probable cause for the arrest of the Defendant at the site of first contact between the Defendant and the Trooper."
 {¶ 11} Thereafter, on August 6, 2002, appellant entered a plea of no contest before a Magistrate to driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). The remaining charge was dismissed. The trial court, in an order filed the same day, adopted the Magistrate's Decision. Pursuant to a Judgment Entry filed on August 6, 2002, appellant was sentenced to 180 days in jail and fined $1,000.00. However, 90 days of the jail sentence were suspended and appellant was placed on supervised probation for a period of 24 months under specific terms and conditions. In addition, appellant's driver's license was suspended for 60 months.
 {¶ 12} It is from his conviction and sentence that appellant now appeals, raising the following assignment of error:
 {¶ 13} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT PROBABLE CAUSE EXISTED FOR THE WARRANTLESS ARREST OF APPELLANT FOR OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL."
 {¶ 14} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress. Appellant specifically contends that the trial court erred when it determined that Sergeant VanBuren had probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E 2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysiner, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690116 S.Ct. 1657, 134 L.E2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 16} "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v.
Medcalf (1966), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268 (citing Huberv. O'Neill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10). In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id. (citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225,13 L.Ed.2d 142). In determining whether probable cause exists, a court must look at the totality of the circumstances. Medcalf, supra.
 {¶ 17} Probable cause to arrest a suspect for driving while under the influence of alcohol may exist without consideration of field sobriety tests. In State v. Homan, 89 Ohio St.3d 421, 427,2000-Ohio-212, 732 N.E.2d 952, the Ohio Supreme Court excluded the results of field sobriety tests administered to a suspect. The Homan Court went on to find that, even without the results of the field sobriety tests, probable cause existed to support the arrest of the suspect when the totality of the circumstances was considered. In Homan, the facts which supported a finding of probable cause were: red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol. See also State v. Hill
(May 27, 1998), Stark App. No. 1997 CA 00210.[2]
 {¶ 18} In the case sub judice, appellee conceded at the oral argument in this matter that the HGN was not administered in compliance with the relevant standards. However, even without consideration of the HGN test results, we find that, based on the totality of circumstances, there was sufficient probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol. As is stated above, at the suppression hearing, Sergeant VanBuren testified that appellant had difficulty maintaining his balance when he got out of the pickup truck. The Sergeant further testified that appellant, who had a "very strong odor of an alcoholic beverage about his breath and person," at times had to use his hand to steady himself against the pickup truck and, at one point, rested against the tailgate. Transcript at 7. According to the Sergeant, appellant's moves were "slow and deliberate." Transcript at 7. When asked how much he had been drinking, appellant told the Sergeant that he had "approximately five beers" and that he had been at the Kipling VFW. Transcript at 7.
 {¶ 19} Since, based on the foregoing, there was sufficient probable cause to arrest appellant for driving while under the influence of alcohol without consideration of the HGN test, we find that the trial court did not err in overruling appellant's Motion to Suppress.
 {¶ 20} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 21} Accordingly, the judgment of the Cambridge Municipal Court is affirmed.
By: Edwards, J., Gwin, P.J. and Hoffman, J. concur.
In Re: Denial — Motion to Suppress — DUI.
[1] The suppression hearing also was held on April 23, 2002. Since no transcript of the April 23, 2002, hearing has been provided to this Court, the facts cited are those gleaned from the transcript of the March 12, 2002, hearing. We note that the duty to provide the transcript for appellate review falls upon the appellant. See App.R. 9(B). It appears from the briefs and from the transcript from March 12, 2002, the first day of the suppression hearing, that any new testimony adduced on April 23, 2002, related to the HGN test. Both parties agree the HGN test was done improperly.
[2] In Hill, this Court held that there was probable cause to arrest the appellant for driving under the influence since the appellant smelled moderately of alcohol and his speech was slurred, and since appellant tended to stagger and stumble when walking.