OPINION
{¶ 1} Defendant-appellant William T. Thomas [hereinafter appellant] appeals from his May 10, 2002, conviction and sentence in the Licking County Municipal Court on one count of driving while under the influence of alcohol, specifically alleging error in regard to the trial court's denial of appellant's motion to suppress.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 5, 2002, at approximately 2:40 a.m., Officer Keith Blackledge, of the Granville Police Department, noticed a vehicle parked in a no parking zone. Officer Blackledge approached the vehicle. Appellant was seated in the driver's seat, the keys were in the ignition and the engine was running. Upon talking with appellant, Officer Blackledge noticed that appellant's speech was slightly slurred and his eyes were bloodshot and glassy. When Officer Black inquired as to whether appellant had consumed any alcohol that evening, appellant initially stated no, but then stated that he had consumed one beer. Officer Blackledge asked appellant to produce his driver's license. Appellant had difficulty obtaining his wallet and further difficulty removing his license from the wallet. Officer Blackledge noted an odor of alcohol.
 {¶ 3} Officer Blackledge proceeded to administer the following field sobriety tests to appellant: the horizontal gaze nystagmus test, the walk and turn test and the one-leg stand test. Appellant failed all three field sobriety tests. Another officer, from the Granville Police Department, Officer Shawn Wilson, was present as a backup officer. Officer Blackledge asked Officer Wilson to conduct a horizontal gaze nystagmus test to confirm Officer Blackledge's findings. Officer Wilson conducted the test and concluded that appellant failed. Officer Wilson also noted an odor of alcohol about appellant's person and that appellant had bloodshot and glassy eyes.
 {¶ 4} Appellant was arrested and taken to the Granville Police Station. Once at the police station, appellant was administered a breathalyzer test. The results of the breathalyzer test showed a blood alcohol content of .174. Appellant was charged with one count of driving while under the influence of alcohol, in violation of Village of Granville Ordinance 333.01.
 {¶ 5} On March 12, 2002, appellant filed a motion to suppress. A suppression hearing was held on April 19, 2002. By Judgment Entry filed April 26, 2002, the trial court denied appellant's motion to suppress.
 {¶ 6} On May 10, 2002, appellant entered a plea of no contest and the trial court found him guilty of operating a motor vehicle while under the influence of alcohol.
 {¶ 7} It is from his conviction that appellant appeals, raising the following sole assignment of error:
 {¶ 8} "The trial court erred in overruling defendant's motion to suppress all evidence arising out of defendant's unconstitutional arrest."
 {¶ 9} In appellant's sole assignment of error, appellant contends that the trial court erred when it overruled appellant's motion to suppress. Specifically, appellant contends that the Village of Granville never established that the administration of the field sobriety tests by the arresting officer strictly complied with the National Highway Traffic Safety Administration [hereinafter NHTSA] standards. Appellant concludes that as a result, the field sobriety test results must be suppressed. Appellant contends that once the field sobriety tests are suppressed, the remaining evidence is insufficient to support a finding of probable cause. We disagree. Based upon the following analysis, we find that even if the field sobriety tests are suppressed, probable cause existed to arrest appellant.
 {¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysiner, supra. As the United States Supreme Court held in Ornelas v. U.S., (1996), 517 U.S. 690 116 S.Ct. 1657, 134 L.E2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 11} "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v.Medcalf (1966), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268 (citing Huberv. O'Neill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10). In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id. (citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225,13 L.Ed.2d 142). In determining whether probable cause exists, a court must look at the totality of the circumstances. Medcalf, supra.
 {¶ 12} Probable cause to arrest a suspect for driving while under the influence of alcohol [hereinafter DUI] may exist without consideration of field sobriety tests. In State v. Homan (2000),89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952, the Ohio Supreme Court excluded the results of field sobriety tests administered to a suspect. The Homan Court went on to find that, even without the results of the field sobriety tests, probable cause existed to support the arrest of the suspect, when the totality of the circumstances was considered. InHoman, the facts which supported a finding of probable cause were: red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol.
 {¶ 13} In the case sub judice, at approximately 2:40 A.M., appellant was found sitting in the driver's seat of a vehicle which was parked in a no parking zone, with the engine running. Appellant was observed to have slightly slurred speech, bloodshot and glassy eyes and the odor of alcohol about him. At first, appellant denied having consumed alcohol, but subsequently changed his story and claimed to have consumed one beer. When asked to produce his driver's license, appellant had difficulty retrieving his license from his pants' pocket and then had difficulty getting the license out of the wallet.
 {¶ 14} Appellant cites this Court to State v. Kolesar (Sept. 20, 2001), Franklin App. No. 00AP-1345, 2001 WL 1098049, in support of his argument that there was not probable cause to arrest appellant without consideration of the field sobriety tests. However, we find Kolesar
distinguishable from the case sub judice. In Kolesar, the defendant's vehicle was found stopped in a University parking lot. Kolesar had an odor of alcohol, had red and bloodshot eyes, had slurred speech, had admitted drinking, used a vehicle for support when exiting the vehicle, and could not recite the alphabet. However, the law enforcement officer attributed the redness in Kolesar's eyes to crying. Upon considering the totality of the circumstances, the Kolesar court concluded that there was not probable cause because the officer had not observed any factors to indicate that Kolesar's driving skills were impaired. Such is not the case herein.
 {¶ 15} In the case sub judice, appellant's vehicle was parked in a no parking zone in violation of traffic laws. An inability to follow traffic signs or laws may indicate impaired driving skills. See State v.Orihel (Jan. 28, 2002), Athens App. No. 01CA33, 2002-Ohio-411. Further, appellant had difficulty manipulating his wallet out of his pants' pocket and his driver's license out of his wallet. The lack of coordination is an indication of being under the influence and that one's ability to operate a motor vehicle is affected. State v. Littleton (May 1, 2002), Fairfield App. No. 01CA30, 2002-Ohio-2521. We find that this is sufficient to indicate an impaired ability to operate a motor vehicle.
 {¶ 16} In conclusion, we find that when the totality of the circumstances is considered, there was sufficient probable cause to arrest appellant without consideration of the field sobriety tests. Having found sufficient probable cause without field sobriety tests, we are not required to address appellant's arguments on compliance/noncompliance with NHTSA standards.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Licking County Municipal Court is affirmed.
By Edwards, J., Gwin, P.J. and Boggins, J. concur.
Topic: DUI — Motion to Suppress — Probable Cause.